EVELYN C. PEACOCK, appellant, *vs.* EDWARD PEACOCK.

*Probate jurisdiction. Notice—of certain petitions required.*

No notice is required upon the petition for the appointment of a guardian to a minor less than fourteen years of age, resident in the county where such petition is filed.

Upon a guardian's petition for the care of his ward's person to be committed to him, under R. S., c. 67, § 3, notice to the living parent of the child must be given.

ON EXCEPTIONS.

Upon the petition of Edward Peacock of Farmingdale, in Kennebec county, uncle of Mary E. Peacock, who was stated in the petition to be " aged two years, now resident of Farmingdale, in said county, minor child of Solomon E. Peacock late of the city of New York, deceased, and of Evelyn C. Peacock, now of said city of New York," that gentleman, signing as " nearest of kin in this State," was appointed guardian of said Mary by the judge of probate of Kennebec county, at a probate court holden at Augusta on the fourth Monday of January, 1871, when said petition was filed. At the same session of that court the guardian petitioned to have the care of the child's person committed to him, which prayer was granted the same day. No notice of the pendency of either of

these petitions was ordered or given.   On the tenth of the follow-
ing month the child's mother appealed from these decrees, filing as
her reasons of appeal the non-residence of the minor in the county
and that she had no estate therein ; and that the appellant was the
widowed mother of the child, " competent to transact her own
business " and that to take the child from her would be contrary
to law.   In the appellate court the appellant moved to reverse the
decree appointing the respondent guardian for want of jurisdiction,
apparent of record, and that the petition be dismissed.   The pre-
siding justice granted this motion and the appellee excepted.

*J. Baker*, for appellee.
The language of each petition states a case clearly within R. S.,
c. 67, §§ 1, 3.   This court has no jurisdiction, because there was
no legal appeal.   There were two several, distinct petitions, but
there is only one appeal and that seeks to affect both petitions.

No notice required on petition for appointment of guardian to a
minor under fourteen.   Compare the various statutes and revisions.
*Coltman* v. *Hall*, 31 Maine, 196 ; *Pierce* v. *Irish*, Ib. 254–265.
Nothing to show that notice was not given.   The record need not
state the fact of notice.   *Marcy* v. *Marcy*, 6 Met. 368. ` If the
probate court had no jurisdiction the appeal and not the original
petition must be dismissed.   *Veazie Bank* v. *Young*, 53 Maine,
555.

*A. Libbey*, contra.
There should have been notice given.   *Shaw* v. *Hathaway*, 14
Mass. 222.   The averments do not show jurisdiction.   *Fairfield* v.
*Gullifer*, 49 Maine, 360.

APPLETON, C. J.   The judge of probate appointed the appellee
as guardian of Mary E. Peacock, a minor of the age of two years,
upon the following petition :

" To the judge of probate for the county of Kennebec.
The undersigned represents that it is necessary that a guardian
should be appointed for Mary E. Peacock, aged two years, now

resident of Farmingdale in the said county, minor child of Solomon E. Peacock late of the city of New York, deceased, and of Evelyn C. Peacock, now of said city of New York, and prays for the appointment to that trust of himself of Farmingdale.

EDWARD PEACOCK, uncle of the minor,<br>and nearest of kin in this State."

Upon the above petition, the appellee was appointed guardian.

When the record in the case was read the appellant moved that the decree below appointing a guardian be reversed for want of jurisdiction in that court, apparent on the face of the record, and that the petition be dismissed, and the court so ruled, to which rulings exceptions were duly taken.

The ground mainly relied upon is that no notice had been given to parties interested of the pendency of the petition before the decree. We think none was required.

By R. S., c. 67, § 1, "the judge of probate may appoint guardians to minors residing in his county, or out of the State and having estate in his county," etc. By § 2, " If the minor is under fourteen years of age, the judge may nominate and appoint his guardian. . . . If the minor is over that age, he may nominate his own guardian in the presence of the judge or register of probate, or in writing certified by a justice of the peace," etc.

The petition is within every provision of the statute and was assumed as true by the presiding justice. The minor is under fourteen years of age and is a resident within the county of the judge of probate to whom petition was made. The mother is a resident of another State. A child of the tender age of two years should not be left without guardianship.

Now, in such case as this there is no necessity of notice. There is no body within the jurisdiction to be cited to appear, if a citation were to be required. Nor does the statute direct the giving of a citation in such case. *Coltman* v. *Hall*, 31 Maine, 196.

When the minor is over fourteen years of age and has the right to nominate his guardian, he should be cited to appear. So in case of appointing a guardian for a spendthrift or *non compos mentis.*

But in case of a minor under two years of age, the judge of probate appoints upon petition, as in England is done by the Chancellor.    The statute relating to guardians recognizes the distinction between appointing guardians for those under and those over fourteen years, requiring a citation in the latter case and not in the former.    Indeed, upon the face of the petition, ample cause is shown for the action of the probate court, for an infant of the tender age of two years, a resident of this State, should not be left a mere waif without any one to care for and protect it.

The guardian being appointed, different considerations apply when the question arises as to the care of the person and education of the minor.

By R. S. of 1871, c. 67, § 3, the guardian appointed by the judge of probate "shall have the care and management of all his ward's estate, and continue in office until the·ward is twenty-one years of age, unless sooner lawfully discharged ; but the father, if alive and competent to discharge his own business, if not, the mother, while unmarried and thus competent, shall have the care of the person and education of the minor ; otherwise, these duties shall devolve upon the guardian ; and in any case, the judge may decree them to him, if he deems it for the welfare of the minor, till his further order."

In this case, the father having deceased, "the care of the person and education of the minor" devolve on the mother by the statute.    They cannot be taken from her without due notice and a hearing.    It remains with her until, upon such hearing after notice, the judge shall decree upon the petition of the guardian, that he deems it for the welfare of the minor that it shall ·be given to such guardian.                                *Exceptions sustained.*

KENT, BARROWS, DANFORTH, and VIRGIN, JJ., concurred.