### JOSEPH H. CUSTY *vs.* CITY OF LOWELL.

Middlesex.   January 13. — 14, 1875.   AMES & ENDICOTT, JJ., absent.

The Superior Court has no jurisdiction of an application for a jury under the Gen.
Sts. *c.* 48, § 6, made more than three months after notice of an assessment upon
the petitioner's estate by the mayor and aldermen of a city for a proportionate
part of the expense of constructing a sewer by which the estate is benefited, al-
though the one month's notice in writing to the city required by the statute is
given within the three months; and such want of jurisdiction may be taken ad-
vantage of at any time before judgment.

PETITION to the Superior Court, filed October 28, 1873, for
leave to enter an appeal from an assessment upon the petitioner's
estate made July 21, 1873, by the mayor and aldermen of Lowell,
of a proportionate part of the expense of the construction of a
sewer in South Street in that city; and alleging that on Septem-
ber 23, 1873, the petitioner gave the said mayor and aldermen
one month's notice in writing of his intention to appeal.   In the
Superior Court the petition was dismissed, and the petitioner ap-
pealed.

*T. Wentworth & R. B. Caverly,* for the petitioner.

*J. F. McEvoy,* for the respondent.

GRAY, C. J.   The application of the petitioner for a jury was
required to be made within three months from the time when he
received notice of the assessment of which he complains.   Gen.
Sts. *c.* 48, § 6.   After the expiration of that period, the court had
no jurisdiction of the subject matter of his application, and the
want of jurisdiction might be taken advantage of at any time
before judgment.   *Palmer* v. *Dayton,* 4 Cush. 270.   *Eddy's
case,* 6 Cush. 28.   *Eaton* v. *Framingham,* Ib. 245.   *Elder* v.
*Dwight Manuf. Co.* 4 Gray, 201.   *Riley* v. *Lowell, ante,* 76.

*Judgment dismissing petition affirmed.*