SERENA L. POWERS *vs.* THOMAS MITCHELL.

Cumberland.    Opinion August 2, 1883.

*Action, transfer from the docket of one county to that of another.    Stat. 1872, c. 45.    "Continued nisi."    Practice.*

The power of a justice of this court to transfer a civil action from the docket of one county to that of another county, is derived solely from the statute, and by stat. 1872, c. 45, that power, for sufficient cause, is conferred only " while holding a *nisi prius* term, for the trial of civil and criminal causes. "

After the close of a term by final adjournment, whether an action be continued, or " continued *nisi*, " an action cannot be transferred because not done by a judge then holding a *nisi prius* term.

When the court have not jurisdiction it cannot be conferred by consent or agreement of counsel.

When a suit has been pending for several years, the general issue been pleaded, three trials been had, and the cause transferred and entered on the docket of another county, a plea in abatement cannot be filed.    A motion to dismiss, filed on the second day of the first term in the new county, because of an improper transfer and for want of jurisdiction, is seasonably filed.

ON EXCEPTIONS.

This is an action of the case to recover damages in the sum of ten thousand dollars for personal injury alleged to have been sustained by the plaintiff in consequence of the defendant's negligence in causing a collision of sleighs in which the parties were respectively riding in the public street in Augusta, December 29, 1879. The writ was dated on the ninth day of January, A. D. 1880, and entered in the March term, 1880, of this court in Kennebec county, where three trials have been had. At the March term, 1882, the plaintiff filed a motion for change of venue, and on the last day of the term, being the 29th day of March, an entry was made, " Motion for change of venue continued *nisi.* " And on the 7th day of April, following, the clerk of the court in that county received the following order from the justice presiding at the March term :

" State of Maine. Kennebec, ss. Supreme Judicial Court. March Term, A. D. 1882.

" In the civil action pending in said Court, being No. 125 upon the docket thereof, wherein Serena L. Powers is plaintiff and Thomas Mitchell is defendant, on plaintiff's motion filed on the thirteenth day of the term, and for good and sufficient reasons shown to the Court, it is—

" Ordered, That said action be and the same hereby is transferred to the docket of said Supreme Judicial Court, in the county of Cumberland, in said State of Maine, for trial. "

The action was thereupon entered upon the docket of Cumberland county, and on the second day of the first term (April term, 1882,) in that county, the defendant filed a motion to dismiss " from the docket of the court in said county of Cumberland " because it was improperly transferred and for want of jurisdiction. The exceptions were to the decree of the court in overruling this motion.

*C. W. Goddard* and *A. M. Spear,* for the plaintiff.

Defendant's exceptions are prematurely and improperly here and must be dismissed.

When a dilatory plea is overruled and exceptions taken, the court is to proceed and close the trial, and the action shall then be continued and marked law, &c. R. S., c 77, § 22.

Cases should not be entered at the law court on exceptions until they are in a condition to be finally disposed of if the exceptions are overruled. *State* v. *Inness*, 53 Maine, 541.

The motion to dismiss for want of jurisdiction is in the nature of a dilatory plea, overruling it did not end the suit, but kept it in court for future proceedings. In such case the exceptions should await the final disposition of the case. The court should have proceeded and closed the case, and then if plaintiff was aggrieved, it should have been marked law and continued. It is improperly entered on the law docket. *Day* v. *Chandler*, 65 Maine, 367.

Such exceptions must be filed at the time when the proceedings complained of are had, should remain in the court where the action is pending, until it is ready for final disposition, and come here, if at all, at the same time with other exceptions raised at the trial, if any, or when the case is in such a position that an adjudication upon them is necessary for a final determination of the rights of the parties. *Cameron* v. *Tyler*, 71 Maine, 28.

The docket of this case in this county shows that the action was regularly and legally transferred to this county. If the defect or error which defendant alleges is not apparent on the face of the record, it should have been taken advantage of by plea in abatement as insisted on by plaintiff's counsel at the time he filed his motion. 36 Maine, 388; Spaulding's Practice, page 160, § 6.

The presiding justice had ample authority both at common law and by express statute to order the transfer. Indeed it is made his *duty* to issue such order when good and sufficient reasons are shown. 1872, c. 45.

What does the docket, cleared of extraneous papers show?

*First*, That plaintiff duly filed her motion for change of venue on the thirteenth day of the March term, (March 28,) 1882.

*Second*, That at said term the motion was granted and for good and sufficient reasons shown to the court the transfer of the action was ordered as prayed for.

*Third,* That on the fourteenth day·of the term (March 29), the motion for change of venue was "continued *nisi.*"

*Fourth,* That on said fourteenth day the general order for the continuance was issued and the court finally adjourned.

*Fifth,* That the "order" was "received from Judge WALTON to enter (as of March term) 'motion allowed, action transferred to Cumberland county docket for trial as per order on file.'"

It will be observed that the docket sufficiently and unequivocally shows the two main facts, the filing of plaintiff's motion and the order of the presiding justice thereon, both at the March term, 1882. If those two entries stood alone, there could be no excuse for cavil. Are they invalidated by the presence of the other entries? Even if there were any conflict between them, the court would undoubtedly endeavor to give effect to the docket as a whole, and the final order of March term, 1882, which is beyond controversy the main entry, must control the interlocutory and subordinate ones. But there is no real conflict. What does the entry "continued *nisi*" mean? Beyond dispute it means "continued unless" some alternative lawful disposal shall be made of the matter under continuance prior to the term to which it will otherwise be continued.

What that alternative in any given case may be will depend on the facts in the case so far as they may appear. What the alternative in this case was, there can be no doubt, viz:—"motion continued" to the next October term of this court for this county "unless" before that time the case shall, during vacation, be transferred by the justice holding the present March term for said county, as of said term, on said motion, to the docket of this court for the county of Cumberland. No ingenuity can essentially alter the legal interpretation of that entry, "continued *nisi.*"

Defendant contends that the law does not authorize the trans·fer at the time and in the manner made (1872, c. 45), the point being that the actual "order" was not received, and the entry in fact spread upon the docket until nine days after final adjournment of the March term. But the record shows that the entry "continued *nisi*" was actually made by the justice "while holding a *nisi prius* term of said court for the trial of civil and

criminal cases, upon plaintiff's motion" filed at said term after a third trial and disagreement of the jury; of this there is no question.

It is too late to question the authority of the court after adjournment to complete entries which the pressure of business during a *nisi prius* session has rendered it impossible to finish in term time. It has been the immemorial practice of the justices of this court not only in person, but by the clerks of the court under their direction and authority. Instances are innumerable and some of them relate to matters of the gravest importance, such as the signing of exceptions and certifying to evidence on motions for new trial, completing the records of sentences from the pencil minutes on the backs of indictments, &c.

*Orville D. Baker*, for the defendant, cited : *Hawkes* v. *Kennebec*, 7 Mass. 463 ; *Lincoln* v. *Prince*, 2 Mass. 544 ; *Cleveland* v. *Welsh*, 4 Mass. 591 ; *Newman* v. *Hammond*, 46 Ind. 119.

APPLETON, C. J. This action was pending on the docket of the Supreme Judicial Court for Kennebec county. On March 28, 1882, being the thirteenth day of the term, the plaintiff filed a motion for the transfer of the action to the docket of another county, in which he alleged good and sufficient reasons therefor. The parties were heard on the motion. On the next day this entry, under the action, was made, "motion continued *nisi*," and the court adjourned finally and the term was closed.

Nine days after the adjournment, and in vacation, an order was received from the justice before whom the motion for the transfer had been heard, that an entry be made under the action, that the same be transferred to the docket of the Supreme Judicial Court, for the county of Cumberland, for trial, Thereupon such entry was duly made at that date, as of the preceding March term.

The above facts appear of record in the papers filed, and the question presented for adjudication is, whether this suit has been transferred in accordance with the provisions of the statute of 1872, chapter 45, which confers upon a judge holding a *nisi prius* term, the power to order the transfer of an action from the

docket of the county in which it is pending to that of another county for trial.

The statute on the subject, to which reference has been had, is in these words : "That it shall be the duty of any judge of the Supreme Judicial Court for this state, *while holding any nisi prius term of said court for the trial of civil or criminal causes,* to order for good and sufficient reasons shown, on motion of either party, the transfer of any civil action, or criminal case now pending or hereafter to be brought in said court to the docket of said court in any other county in this state, for trial."

The action having been made originally returnable to the Supreme Judicial Court, at a term holden in Kennebec county, this court sitting in Cumberland county could have no jurisdiction over the same, except by virtue of a transfer in accordance with the above statute. The entry on the docket, ordering the transfer, is made, in fact, in vacation. But the power to order a transfer, is conferred only on a justice of this court, "while holding any *nisi prius* term of said court for the trial of civil or criminal causes." It is not given to a judge in vacation. It is not given to a judge "while" *not* holding a *nisi prius* term. Here the record shows that the order was made, and the entry on the docket likewise, in vacation. Consequently, the action has not been transferred in accordance with the requirements of the statute.

The power to transfer an action from the docket of one county to that of another, has but recently been conferred on the justices of this court. It can only be done by a justice *while* holding a *nisi prius* term. It is not given in vacation. Now, if a continuance *nisi* is a continuance, as the plaintiff's counsel claims it to be, then this action was continued. If continued, the order was in vacation. But the statute confers no such authority on a judge in vacation, but necessarily and clearly negatives it.

The commencement of a term is fixed by statute, and its termination by its final adjournment. All judgments, decrees, and orders must be entered in term time. The judge cannot order an entry to be made in vacation. If a cause is continued,

he can neither order nonsuit nor default. It matters not whether the order relates to a nonsuit, default or removal, his power over the case is alike terminated. "It is a rule well established," observes MILLER, J., in *Bronson* v. *Schulten*, 104 U. S. 410, "that after term time has ended, all final judgments and decrees of the court pass beyond its control, unless steps be taken during that term, by motion or otherwise, to set aside, modify or correct them." If the power to modify or correct a decree or order has ceased, much more must it follow that there is no power to enter a decree or make an order.

The acceptance of a report of road commissioners is a judicial act, which can only be done in term. In *Pillsbury* v. *Springfield*, 16 N. H. 565, the parties relied upon an order of the judge out of term, as authority for the clerk to enter up judgment. "But it has been sufficiently shown," concludes WOOD, J., in delivering his opinion, "that a judgment or decree of the court of common pleas, accepting a report of the road commissioners, is not of that nature. It is a strictly judicial act. A motion for the purpose is open to contestation, and the sureties have a right to be heard. It is, therefore, an act that can be done only by the court; and there is no court of common law with judicial power except in term." It was decided in *Ferges* v. *Wesler*, 35 Ind. 53, that "when a law authorizes or contemplates the doing of an act by the court, it is and must be understood, that the court in term time may and must do it, and the judge in vacation cannot, unless the power is *expressly* conferred upon him by law." In *Newman* v. *Hammond*, 46 Ind. 119, a receiver was appointed and his bond approved in vacation. "There is no law in the state authorizing the judge to appoint a receiver or the clerk to approve his bond in vacation, hence the appointment was void and the receiver has no legal right to maintain the suit."

The order of removal is a judicial act, and not having been made in term, is not within the statute by which alone authority is given.

Nor does the continuance *nisi* change the result. The action is none the less continued. "*Nisi prius*, the commission to justices of assize; so called from a judicial writ of *distringas*, whereby

the sheriff is commanded to distrain the empannelled jury to appear at Westminster before the justices at a certain day in the following term, to try some cause. *Nisi prius justic domini regis ad assissas capiend venerint,* viz. unless the justices come" *before* that day to such a place, &c. 2 Ins. 424; 4 Ins. 159; Jac. Dic. The continuance of a cause *nisi* is no part of the common law. With us, it is only applicable to cases pending on the law docket, and is authorized by stat. 1821, c. 54, § 8, which, with various modifications has remained in force to the present time. But the authority to continue was by the express terms applied to cases, " continued *nisi* for advisement by the court, or for argument by consent of parties," and after the justices shall have determined the same, provision is made for entering judgment. But this gave no general authority to continue cases *nisi.* Indeed if that could be done, the right to except might at any time be foreclosed.

But supposing there is this authority to continue any and all cases *nisi,* what is the legal interpretation of the entry "continued *nisi,*" as claimed by the learned counsel for the plaintiff? It is this : " motion continued to the next October term of this court, for this county, ' unless ' before that term the case shall, *during vacation,* be transferred by the justice holding the present March term, for said county, as of said term, on said motion to the docket of this court, for the county of Cumberland." The transfer is to be made, by the very construction of the order as understood by the plaintiff's counsel *during* vacation. Now if anything is certain it is that a transfer made by a judge *during vacation,* is not and cannot be one made by a judge " while holding a *nisi prius term,*" unless one is prepared to say that " during vacation," and " while holding a *nisi prius* term," mean one and the same thing. If not, then, the removal was unauthorized, and against the plain meaning of the statute.

In Howe's Practice, 399, reference is made to cases continued for advisement. The case referred to is, *Perry* v. *Wilson,* 7 Mass. 393, which was a question of law. But cases continued for advisement are not cases continued *nisi.* They are continuances. However, whether a case is continued or con-

tinued *nisi*, it is a continuance, and any judgment or decree, or order by a judge in vacation, is not a judicial act, done by him while holding a *nisi prius* term.

The question of abatement does not arise. The suit has been pending for years, the general issue has been pleaded and there have been three trials. It had long ceased to be an action to which a plea in abatement could be filed.

The motion was not a dilatory one. It was a motion negativing the entire jurisdiction of the court in the then condition of the record. The court has only such jurisdiction as is conferred either expressly or by necessary implication. Where the court have not jurisdiction it cannot be conferred by consent or the agreement of parties. *State* v. *Bonney*, 34 Maine, 223. A judgment rendered by a court not having jurisdiction is void. *Lovejoy* v. *Albee*, 33 Maine, 414. When it appears to the court, that they have no jurisdiction of the case before them, they will not proceed in the suit but will stay all further proceedings, though the objection is not taken by plea to the jurisdiction. *Lawrence* v. *Smith*, 5 Mass. 362. The objection to want of jurisdiction may be taken advantage of at any stage of the proceedings. *Eddy's case*, 6 Cush. 28; *Eaton* v. *Framingham*, 6 Cush. 245; *Riley* v. *Lowell*, 117 Mass. 76; *Custy* v. *Lowell*, 117 Mass. 78; *Bearce* v. *Bowker*, 115 Mass. 129.

If it was necessary to file the motion to dismiss within the time allowed for dilatory pleas by the rules of the court, the case shows that it was seasonably filed.

> *Exceptions sustained. Case remanded*
> *to the docket of the Supreme Judicial*
> *Court for Kennebec county.*

BARROWS, DANFORTH, PETERS, LIBBEY and SYMONDS, JJ., concurred.