SAMUEL E. SAWYER *vs.* CITY OF BOSTON.

Suffolk. March 17. — May 9, 1887. FIELD, C. ALLEN, & GARDNER, JJ., absent.

At the trial of a petition for the assessment of damages for a parcel of land taken by a city for a park, under the St. of 1875, c. 185, evidence of sales of lots situated like the petitioner's land is not incompetent merely because the lots sold are small and the parcel taken is large.

At the trial of a petition for the assessment of damages for land taken by a city for a park, under the St. of 1875, c. 185, no exception lies to the exclusion of evidence of the price paid by the city for other land similarly situated, if the settlement was made when it was apparent that, if the owner did not agree with the city, his land would be taken for the park.

At the trial of a petition for the assessment of damages for land taken by a city for a park, under the St. of 1875, c. 185, an expert, who had testified, for the respondent, as to the value of the land taken, gave as one of his reasons the price paid by the city for other land similarly situated, and stated it. The settlement for this land was made when it was apparent that, if the owner did not agree with the city, his land would be taken for the park. The judge instructed the jury, that, "so far as an expert's opinion is based upon what the jury would not have the right to consider, his opinion is, of course, impaired in value for that reason." *Held*, that the respondent had no ground of exception.

At the trial of a petition for the assessment of damages for several parcels of land taken by a city for a park, under the St. of 1875, c. 185, after a verdict for the petitioner, a motion in arrest of judgment, upon the ground that the petition was not filed within the time prescribed by the statute, cannot be sustained, if the record fails to show affirmatively that the petition was filed too late.

PETITION to the Superior Court for a jury to assess the damages sustained by the petitioner by the taking of four parcels of land, on May 25, 1883, by the board of park commissioners of the city of Boston, under the St. of 1875, c. 185. At the trial, before *Brigham*, C. J., the jury returned a verdict for the petitioner; and the respondent alleged exceptions, which appear in the opinion.

*A. J. Bailey*, (*R. W. Nason* with him,) for the respondent.

*R. M. Morse, Jr., & M. Storey*, for the petitioner.

HOLMES, J. 1. Evidence of sales of lots situated like the petitioner's land was not incompetent merely because those were small and the latter large. So far as appears, the petitioner's land could be cut up and used for house-lots without trouble. We see no reason to doubt that the discretion of the court was

exercised rightly. *Gardner* v. *Brookline*, 127 Mass. 358, 363. *Chandler* v. *Jamaica Pond Aqueduct*, 122 Mass. 305.

2. Nor can we say that the exclusion of evidence of the price paid by the city for Fottler's lands in 1883, which were sold to the city for park purposes, was wrong. The settlement was made when it was apparent that, if Fottler did not agree with the city, his land would be taken for the park, and, so far as appears, the case is like *Cobb* v. *Boston*, 112 Mass. 181.

3. An expert, who had testified, for the respondent, as to the value of the land taken, gave as one of his reasons the price paid for the Fottler land, and stated it. The court, in its charge, instructed the jury, that, "so far as an expert's opinion is based upon what the jury would not have the right to consider, his opinion is, of course, impaired in value for that reason." It is argued that this is wrong; and that an expert, because he is an expert, can consider and give due weight to things which a jury would not be competent to weigh. Without considering whether so refined a criticism would be ground for a new trial in any case, it certainly cannot be where, as here, the ground of excluding the sale is that it was practically compulsory, and therefore no criterion to anybody. An expert in real estate is no more competent than any one else to determine just what effect measured in money the dislike of litigation may have had on a given person's mind.

4. The objection was not pressed to the allowance of interest upon the value of the land at the time it was taken. See *Old Colony Railroad* v. *Miller*, 125 Mass. 1, 3.

5. A motion in arrest of judgment was made, on the ground that the petition was filed more than one year after the taking of one of the parcels described in it, and that in the mean time no suit was brought wherein the legal effect of the proceedings was drawn in question. The date when the petition was filed is not before us, but, as the petition is dated " January term, 1885," and alleges the taking to have been on May 25, 1883, we infer that the suggestion that it was filed more than a year after the taking is true. But the other fact alleged in the motion, (that no suit was brought, &c.,) does not appear affirmatively from the record, and therefore it does not appear affirmatively that the petition was not filed within the time provided by the

statute as an alternative limitation to one year after the taking. ·The language of the statute is, " or . . . . within one year after the final determination of any suit wherein the legal effect of the proceedings . . . . is drawn in question." Gen. Sts. *c.* 43, § 79 (Pub. Sts. *c.* 49, § 86). St. 1875, *c.* 185, § 5. See also St. 1874, *c.* 341, § 1 (Pub. Sts. *c.* 49, § 89).

Of course, it must appear from the record that the petition was brought too late, if this motion is to prevail. But as the fact does not appear affirmatively, the motion cannot prevail, unless it is held that the petitioner is bound to allege that he is in time, and that this petition would have been bad on general demurrer because of its failure to do so.

The rule as to the statute of limitations of personal actions is that it must be pleaded, even when the cause of action appears in the declaration to have accrued more than the statutory time before. *Stile* v. *Finch*, Cro. Car. 381. *Hawkings* v. *Billhead*, Cro. Car. 404. 2 Wms. Saund. 63, n. 6. The defence is matter of avoidance, because it admits a cause of action once to have existed. *Emmons* v. *Hayward*, 11 Cush. 48. The same thing is true here. We will assume that the limitation of time for bringing the petition goes to the jurisdiction of the court, within the meaning of the Pub. Sts. *c.* 167, § 82, so that, if the record shows that the time has run, judgment may be arrested. *Custy* v. *Lowell*, 117 Mass. 78. But the mere fact that the time of bringing suit goes in some sense to the jurisdiction of the court does not necessarily take the case out of the general rules of pleading; otherwise pleas to the jurisdiction would never have been heard of.

As long as there was jurisdiction anywhere, it was in the Superior Court, and there would seem to be stronger reason for requiring the respondent to set up and prove a fact which took that jurisdiction away, than for the same requirement as to facts which showed that the court never had jurisdiction at all ; as that the land is ancient demesne, or lies in certain counties palatine, or within the Cinque Ports, or that the defendant has privilege to be sued elsewhere. Com. Dig. Abatement (D). In cases like these before courts of general jurisdiction, we suppose that the order of pleading was settled, not by the legal effect of the facts when proved, but by a reference to the ordinary course of events.

Most things and persons were within the jurisdiction; therefore, if the respondent's case was an exception, it was for it to show this. So, *a fortiori*, if the petitioner sets forth facts sufficient when they arose to give him a cause of action and a right to proceed in the court in which he sues, it is for the respondent to show facts which have taken his right away. The argument is still stronger, if it be admitted that the advantage of the limitation, in whatever light regarded, could be renounced by the respondent, as in other cases.

To say that bringing suit in season is a condition precedent to the petitioner's right, is either to beg the question, or to throw no light upon the matter. For, if it means anything except that the petitioner must allege that he has done so, which is the question before us, it is no more true than that competency of the parties to contract is a condition precedent to the contract's binding, when nevertheless infancy or coverture are matters to be pleaded in defence.

We believe that the practice has been in accordance with the views which we have expressed; and are of opinion that the motion in arrest of judgment was rightly overruled.

*Exceptions overruled.*