CATHARINE McDERMOTT *vs.* WARREN, BROOKFIELD, AND SPENCER STREET RAILWAY COMPANY.

Worcester.   October 6, 1898. — November 22, 1898.

Present: FIELD, C. J., HOLMES, KNOWLTON, MORTON, & BARKER, JJ.

*Companies for the Transmission of Intelligence by Electricity — Damages to Landowner by Construction of Street Railway in Highway — Statute.*

Section 4 of Pub. Sts. c. 109, relative to assessing damages of the owners of land near highways along which lines are constructed by companies for the transmission of intelligence by electricity, as amended by St. 1884, c. 306, which extends its provisions in certain cases to "electric light and electric power lines," is not applicable to ordinary street railways which use electricity as a motive power.

CONTRACT.   The declaration was founded on an award of the selectmen of Brookfield assessing damages on the plaintiff's petition against the defendant corporation for the construction of an electric railway in the usual manner along and upon the highway opposite the plaintiff's land.   Section 4 of Pub. Sts. c. 109, provides that an owner of land near to or adjoining a highway along which lines are constructed by companies for the transmission of intelligence by electricity may apply to the mayor and aldermen or selectmen to assess damages, if any.

The defendant demurred to the declaration, the principal ground thereof being that the selectmen had no jurisdiction to entertain the plaintiff's petition and make an award in her favor. *Hopkins*, J. sustained the demurrer, and found for the defendant; and the plaintiff appealed to this court.

*J. R. Thayer & A. P. Rugg*, for the plaintiff.

*N. S. Myrick & J. A. Brackett*, for the defendant.

KNOWLTON, J. The principal question in the case is whether Pub. Sts. c. 109, § 4, amended by St. 1884, c. 306, is applicable to ordinary street railways which use electricity as a motive power.

This chapter of the Public Statutes, prior to its amendment, related only to "companies for the transmission of intelligence by electricity." The amendment above referred to extends the provisions of § 4, allowing the assessment of damages in certain cases to "electric light and electric power lines." At the time of the enactment of this amendment electric railways were not known, or at least were not in common use. In the statute as amended there is no reference to street railways. The statute in regard to street railways is Pub. Sts. c. 113, and it contains elaborate provisions authorizing the construction and operation of such railways. By § 39 of this chapter it is provided that "a street railway company may use such motive power on its tracks as the board of aldermen of cities, or the selectmen of towns, through which it is located, may from time to time permit." Under this provision, in recent years, street railways generally have adopted electricity as their motive power. In *Howe v. West End Street Railway*, 167 Mass. 46, 48, it is said that "the statutes of the Commonwealth make no provision for compensation to abutters when an electric railway is laid in a public way," etc., and we are of opinion that the Legislature did not intend by the St. of 1884, c. 306, § 1, to abridge the rights of street railway companies, or to affect them in any way. It seems rather that companies for the production and sale of electric power, or of electric light, were intended to be brought within the provisions of the statute. While electric railways use electric power, they are not properly called electric power companies. Their use of power is only in their own business of maintaining and operating railways for the transportation of

passengers or freight. In the same way they use electric light for the illumination of their cars, but they are not for either of these reasons electric power companies or electric light companies. They are not in the business of manufacturing or furnishing electric power or electric light for others.

We are of opinion that the statute relied on is inapplicable to the facts stated in the petition, and that it gives the selectmen no jurisdiction to act upon the petition. It follows that their action was without warrant in law, and that their award was void. *Lawrence* v. *Smith*, 5 Mass. 362. *Riley* v. *Lowell*, 117 Mass. 76. *Custy* v. *Lowell*, 117 Mass. 78.

*Judgment affirmed.*