HAVANA ELECTRIC RAILWAY Co.,

APPELLANT FROM DECREE OF JUDGE OF PROBATE,

IN RE ESTATE OF ROY H. NEELY.

Kennebec.     Opinion, October 13, 1938.

*McLean, Fogg & Southard,* for appellant.
*Gordon F. Gallert,*
*Harvey D. Eaton,* for defendant.

SITTING: DUNN, C. J., STURGIS, BARNES, THAXTER, HUDSON, MAN-
SER, JJ.

DUNN, C. J.   This record manifests irregularity precluding
consideration on the merits.

A court whose authority was not invoked, and to which the pro-
ceeding had not been transferred, nor could be, assumed to determine
issues, and to decree. No exception raises the point; nevertheless,
the existing condition should not be disregarded.

The Havana Electric Railway Company is a Maine corporation,
having been organized in 1926, under the general incorporation
laws of this State. The domicile of the corporation is Augusta, the
shire town of the County of Kennebec; the principal manual business
of the concern is carried on elsewhere.

On December 15, 1937, the company petitioned the probate
court in Kennebec county to revoke the decree which, on August 23,
1937, that court entered in respect to granting administration on
the estate of one Roy H. Neely, a person deceased, intestate.

Administration was on the ground that, although the decedent
was not, on the day of the date of his death (October 3, 1930,) a
resident of Maine, yet, he either left within the State, administrable
estate of twenty dollars minimum value, or such was later found
therein. R. S., Chap. 75, Sec. 9.

The administratrix appointed by the probate court accepted
her trust, and entered upon the discharge of her duties.

In such capacity, she sued the railway company, alleging breach
by it, since the death of her intestate, of the terms of a certain con-

tract, to which he had been party; the claim for damages was one hundred thousand dollars. The action is still pending in the Kennebec county superior court.

Contractual rights, obligations, mere choses in action, have no *situs. Pullen* v. *Hillman*, 84 Me., 129, 24 A., 795.

Relative to probate proceedings, the element of the amount of property may not, save for fraud, or defect evident on inspection of the original record, be the subject of collateral attack. R. S., Chap. 75, Sec. 16. See the analogous cases of *Record* v. *Howard*, 58 Me., 225, and *Spencer* v. *Bouchard*, 123 Me., 15, 121 A., 164. The remedy for relief is on appeal. R. S., hereinabove cited.

Decrees of probate courts in matters of probate, within the authority conferred upon them by law, are, when not appealed from, conclusive. *Waters* v. *Stickney*, 12 Allen, 1; *Snow* v. *Russell*, 93 Me., 362, 376, 45 A., 305.

Such decrees are binding upon the common-law courts, and not reversible by writ of error or certiorari. Nor can they be set aside in equity, even for fraud. *Waters* v. *Stickney*, supra.

But, the probate court has, after decreeing, and after the time for appealing from the decree has passed, the power, upon petition, subsequently filed, notice, and hearing, to open and vacate a prior decree, clearly shown to be without foundation in law or fact and in derogation of legal right. *Waters* v. *Stickney*, supra; *Merrill Trust Company, Appellant* v. *Hartford*, 104 Me, 566, 72 A., 745.

The administratress demurred to the petition for annulment of the administration decree.

To now, the probate court was the forum.

In demurring, "the defendant demurs to plaintiff's bill, and assigns":

         &#42;              &#42;              &#42;              &#42;

"Second, That plaintiff by its bill shows no cause nor ground for any relief in equity against the defendant."

Any further quotation from the pleading would be cumulative.

The probate judge, ostensibly in equity, his decree being so entitled, sustained the demurrer, and dismissed the bill.

Difficulty now is not with such conclusion; that seemingly has support in reported cases. *Saunders* v. *Weston*, 74 Me., 85; *Nash* v. *Benari*, 117 Me., 491, 105 A., 107.

The present condition arises from the fact that the decree was made on the equity side, rather than the probate side, of the judicial tribunal.

The probate court has jurisdiction as a court of equity in specified cases. R. S., Chap. 75, Sec. 2. Such court sits as a court of equity only in cases relative to the administration of estates, the execution of last wills, and the performance of trusts'. R. S., *supra*.

From that court, an appeal lies to the Supreme Court of Probate. *Norris* v. *Moody*, 120 Me., 151, 113 A., 24.

The probate court petitioner made an appeal from dismissal of its petition, but the appeal was from the decree of a judge purporting to exercise equity jurisdiction.

In the appellate probate court, the appeal was dismissed, and the decree below affirmed.

A bill of exceptions was allowed.

The original petition, that for annulment, was addressed to the probate court. That court has not determined the issues.

There are, in virtue of legislation, two different courts: one a probate court, of full panoply; the other an equity court, of special and limited authorization, which can decide finally a question properly presented, subject, of course, to the right of appeal. The two courts have but a single judge. In other words, a judge in the probate court derives from the statute his power to hold the equity court.

The petition, as noticed before, was to the probate court; that court ordered notice; simply this and nothing else.

There never was a basis on which to rest an equity court decree.

*Case dismissed.*