ROSARIO LEGAULT, APPELLANT
*vs.*
DECISION OF JUDGE OF PROBATE
BLANCHE LEVESQUE, APPELLEE

Oxford.   Opinion, July 23, 1954.

*Armand A. DuFresne*, for appellant.

*John A. Platz*, for appellee.

SITTING: FELLOWS, C. J., WILLIAMSON, TIRRELL, WEBBER, BELIVEAU, TAPLEY, JJ.

BELIVEAU, J.   On exceptions.   This case involves a petition by Blanche Levesque, maternal grandmother of Doris Legault, a child under 14 years of age, addressed to the

Probate Court for the County of Oxford, praying for the custody of the child.

The father and surviving parent, Rosario Legault, contested the petition and after adverse findings seasonably filed his appeal to the Supreme Court of Probate and. alleged sixteen reasons why his appeal should be sustained. On this appeal a hearing was had before the Supreme Court of Probate in the County of Oxford, and after full hearing it was decreed that the petition of Blanche Levesque be granted, that the appeal be dismissed and that the said Blanche Levesque be appointed guardian of the said child, Doris Legault.

For the first time, in the Supreme Court of Probate, Rosario Legault raised the objection and made the point that the Probate Court had no jurisdiction because, as alleged by the appellant, the petition on which the court acted did not allege sufficient facts to give that court jurisdiction. It is the contention of the appellant that the petition should have contained allegations that the father was incompetent or that the welfare of the minor required custody in some other person.

At common law, the father is the natural guardian of his minor child and is prima facie entitled to his custody.

This is changed to some extent by Section 3, Chapter 145, Revised Statutes 1944 which declares "the care of the person and the education of the minor shall be jointly with the father and mother, if competent, or if one has deceased, with the survivor, if competent," and the justice hearing the case must, in addition, do what "he deems for the welfare of the child."

The powers of the Probate Court are created by statute, and unless statutory authority is found to justify the action of that court or the Supreme Court of Probate, then its proceedings and decrees are null and void. This has been de-

cided repeatedly by our court and is so well established that citation of decided cases is unnecessary. It is also a well known rule of law that if the process on which the court seeks to act shows on its face lack of jurisdiction, advantage of it may be taken at any stage of the proceedings. *Pinkham* v. *Jennings*, 123 Me. 343; *Powers* v. *Mitchell*, 75 Me. 364; *Cushman Co., et al.* v. *Macksey et al.*, 135 Me. 490 and *Hutchins* v. *Hutchins*, 136 Me. 513. The parties may not waive jurisdiction and if in law there is none, a final decree is of no effect.

Is the petition alleging there is "occasion" for the appointment of a guardian in this case sufficient in law and one on which the court may properly act and make a decree?

We rule that the allegation is not sufficient to give the court jurisdiction to act and was properly taken advantage of by the appellant in his motion praying that the petition be dismissed for want of jurisdiction.

In *The Overseers of the Poor of Fairfield* v. *Gulliver*, 49 Me. 360, the petition alleged, as a reason for the appointment of a guardian, that the person involved was "in his dotage." The court sustained a demurrer to the petition and said:

> "The record of the proceedings of such courts must show their jurisdiction. To place a citizen under guardianship, the records of the Court must show that he falls within that class of persons named in the statute, for whom a guardian may be appointed, and these facts must appear affirmatively, by distinct allegation, and not by implication, nor by way of inference from the facts."

To the same effect:

Taber vs. Douglass, 101 Me. 363
Paine vs. Folsom,    107 Me. 337

The petition, in the instant case, should allege the incompetency of the appellant in order to negative the provisions of Section 3, Chapter 145, R. S., 1944, not only to give the court jurisdiction but to inform the appellant of the issues raised by this petition.

The appellee relies on *Peacock* v. *Peacock,* 61 Me. 211, in which the petitioner "represents that it is *necessary* that a guardian should be appointed for Mary E. Peacock." In that case, the court ruled that the petition "is within every provision of the statute and was assumed as true by the presiding justice."

The controversy was, that no notice had been given to the parties interested and the only issue presented to the court for decision.

In other words, the ruling of the court that the petition was "within every provision of the statute" was correct as to the question of law raised in that case, to wit: want of notice. The court was not called upon to decide that the use of the word "necessary" was a sufficient allegation to give the court jurisdiction as to an award of physical care and custody of the infant. It was not raised and was not made an issue by the litigants. In other words, this was *obiter dictum* or "an assertion of law not necessary to the decision of the case." We refuse to accept this dictum as the law which governs the situation where the removal of the care and custody out of the control of the natural parents is at issue.

> *Exceptions sustained.*
>
> *Petition to be dismissed for want of jurisdiction and decree vacated.*