### In re STERLING N.

Supreme Judicial Court of Maine.

Submitted on Briefs Jan. 24, 1996.
Decided March. 25, 1996.

---

Earle S. Tyler, Jr., Millbridge, for Appellant.

Rebecca A. Irving, Machias, for Appellee.

Before WATHEN, C.J., and ROBERTS, GLASSMAN, CLIFFORD, DANA, and LIPEZ, JJ.

GLASSMAN, Justice.

Robert N., the father of Sterling N., a minor, appeals from the judgment of the Washington County Probate Court (*Patterson, J.*) granting, with limitations, the petition of Hilda and Henry N., the paternal grandparents of Sterling, seeking their appointment as guardians of Sterling pursuant to 18-A M.R.S.A. § 5-207 (1981).[1] Robert challenges the sufficiency of the evidence to support the appointment and contends the court erred in failing to conduct a bifurcated hearing on the petition. Finding no error in the record, we affirm the judgment.

At the hearing on the grandparents' petition, the court heard the following evidence: Sterling was born to Robert and Paula N. on September 28, 1986. By the provisions of a June 1987 judgment granting a divorce to Robert and Paula, both parents were awarded shared parental rights to Sterling, with Sterling's primary physical residence to be with Paula. In November 1988, the judgment was amended to provide that the primary residence of Sterling be with Robert. Since that date, Sterling has resided with his grandparents in their home in Cherryfield approximately ninety percent of the time. During the occasional periods when Sterling resided with Robert at his home in Cherryfield, he stopped by his grandparents' home each morning for clean clothes for the day and ate most of his meals at their home. Without reimbursement to them by Robert, the grandparents have provided for most of Sterling's clothing needs and medical needs. They have attended to his laundry, transported him to school, met with his teachers, participated in school activities involving Sterling and encouraged him in his school work. Paula has always arranged with the grandparents for her visitations with Sterling and always picked him up at and returned him to their home.

Robert has been unaware of various illnesses affecting Sterling or medical care administered to him. One of his few contacts with Sterling's school involved a confrontation with one of Sterling's first grade teach-

---

1. Following the filing of the grandparents' petition, the court appointed a guardian ad litem to represent Sterling's interests in this proceeding.

ers concerning homework assignments that he had discouraged Sterling from doing. Robert, for personal reasons, has periodically traveled to Canada for extended periods of time without first informing Sterling or the grandparents where he could be reached or when he would return and without maintaining any contact with them during his absence.

Sterling is doing well in school. He recognizes Robert as his father but does not look to him to provide his parenting needs, nor does he feel safe with him. Sterling views his grandparents' residence as the only home he has ever known. He regards his grandparents as his primary attachment figures with whom he feels secure. Paula waived any objection to the appointment of the grandparents as Sterling's guardians and testified in favor of their appointment.

On the evidence before it the court found, *inter alia*,[2] that, since November 1988, Robert has clearly delegated most of his parental responsibilities to the grandparents and his conduct evidences an intent to forego his parental duties and "represents an abandonment of Sterling sufficient to allow this court to consider the question of guardianship under section 5–207(b)." The court further found that Sterling's welfare and best interests would be served by the requested appointment. Accordingly, the court granted the grandparents' petition for appointment as Sterling's guardians with the limitations that they (1) foster and encourage frequent contact and visitations between Robert and Sterling, (2) continue visitation arrangements with Paula and Sterling, and (3) have no authority to consent to the adoption of or marriage by Sterling. From the judgment entered accordingly, Robert appeals.

█ Robert contends the court erred by determining that the evidence before it satisfies the requirements of 18–A M.R.S.A. §§ 5–207(b) and 5–204. We disagree. Section 5–207(b) provides:

> Upon hearing, if the court finds that a qualified person seeks appointment, venue is proper, the required notices have been

given, the requirements of section 5–204 have been met, and the welfare and best interests of the minor will be served by the requested appointment, it shall make the appointment. In other cases the court may dismiss the proceedings, or make any other disposition of the matter that will best serve the interest of the minor.

18–A M.R.S.A. § 5–207(b) (1981). Section 5–204 provides in pertinent part that "[t]he court may appoint a guardian for an unmarried minor if all parental rights of custody have been terminated or suspended by circumstances or prior court order." 18–A M.R.S.A. § 5–204 (1981). *See also* 18–A M.R.S.A. § 5–205 (1981) ("The venue for guardianship proceedings for a minor is in the place where the minor resides or is present."); 18–A M.R.S.A. § 5–210 (1981) (setting forth factors that terminate appointed guardian's authority and responsibility).

█ In the instant case, Robert's parental rights of custody have not been terminated pursuant to 22 M.R.S.A. §§ 4050–4058 (1992 & Supp.1995), nor have they been suspended by a prior court order. Accordingly, the burden was on the grandparents to establish by a preponderance of the evidence that Robert's parental rights of custody have been suspended by circumstances and that the welfare and best interests of Sterling would be served by the requested appointment. We will uphold the decision of the Probate Court unless its factual findings are clearly erroneous or it has misapplied the law. *See Conservatorship of Justin R.*, 662 A.2d 232, 234 (Me.1995) (affirming court's finding that petitioners had failed to meet burden of proof to establish mother's parental rights of custody suspended by circumstances); *In Re Krystal S.*, 584 A.2d 672, 675 (Me.1991) (having determined mother's parental rights of custody to minor child had not been suspended by circumstances, the court exceeded its authority by imposing on mother requirement that she foster a relationship between child and unsuccessful petitioner and that petitioner have reasonable rights of contact with child). Our review of

---

**2.** The court also determined that Paula's parental rights of custody to Sterling were suspended by the November 1988 Judgment amending the

judgment granting a divorce to Robert and Paula.

the record in this case discloses that, based on the evidence before it, there is no clear error in the findings of the Probate Court that Robert's rights of parental custody have been suspended by circumstances and that the welfare and best interests of Sterling would be served by granting the grandparents' petition. Nor did the court misapply the law by appointing Hilda and Henry N. as guardians of the minor child Sterling N.

█ We find no merit in Robert's contention that the court erred by failing to conduct a hearing to determine whether Robert's parental rights of custody have been suspended by circumstances and thereafter conducting a separate hearing to determine the welfare and best interests of Sterling. Contrary to Robert's contention, the procedures set forth in section 5–207(b) do not require separate proceedings. The record discloses that, based only on the evidence relevant to that issue, the Probate Court determined that Robert's parental rights of custody were suspended by circumstances prior to its consideration of Sterling's welfare and best interests.

The entry is:

Judgment affirmed.

All concurring.