## Coltman *versus* Hall.

If a child, having no father or mother, the guardian is entitled to the custody, as against a relative, to whom its father, a few days before his death, and in view of that event, had made a verbal gift of the child, " to take care of, have and keep, as his own child." The mother-in-law, however competent, is not entitled to the custody, as against the guardian.

Replevin of a child, named Ellen Hall.

Howard, J. directed a nonsuit upon the following agreed facts.

Ellen's mother was sister-in-law to the plaintiff. They had been members of the same family till her marriage with Mr. Hall. Mr. Hall resided in Camden, and a few days before his death, and in view of that event, gave to the plaintiff the " charge and care of Ellen to take care of, have and keep as his, the plaintiff's, own child ;" her mother having previously died.

Soon afterwards the plaintiff removed Ellen from Camden to his residence in Portland, with the assent of her step-mother, whose wish it still is, that the plaintiff should keep the child. He is a man of sufficient property to support and educate her. He kept her with care and faithfulness from March, 1848, to February 6th, 1849. On the last named day, the defendant was, by the Judge of Probate, appointed guardian to the child, and finding her in the street, as she was returning from the school-house to the plaintiff's, he took her into his sleigh, and removed her to his own home in Westbrook. The guardianship appointment and the removal of the child to Westbrook, were without the consent or knowledge of the plaintiff. No notice of any application for the appointment of a guardian was published.

If, on these facts, the action is maintainable, the nonsuit is to be taken off by consent.

*Sweat*, for plaintiff.

1. The defendant was not legally appointed as guardian. The plaintiff had no knowledge of his application to be appointed, and no public notice of it was given.

2. The R. S. chap. 142, sect. 8, on which the plaintiff re-

lies, will not defeat this action. It is not enough for the defendant, that he is guardian. He must also show that, under all the circumstances of the case, he is entitled, as guardian, to the custody of the child. It was in accordance with this view, that the statute of 1821, chap. 66, sect. 3, was changed by the revised code. It was under that statute, that the case of *Bridges* v. *Bridges*, 13 Maine, 408, was decided.

*Williams*, for the defendant.

SHEPLEY, C. J. orally. — The statute of 1821 provided that, in a case like this, the defendant should have judgment. The mere fact that the defendant was guardian, was a defence. *Bridges* v. *Bridges*, 13 Maine, 408. The provision of the Revised Statute is different. Under it the defendant must show something further than his guardianship. He is to show himself entitled to the custody of the child, as his ward. Has this been done? By chap. 110, sect. 5, the custody pertains to the guardian, only when there is no father or mother competent to transact their own business. In this case, the child had neither father or mother. The mother-in-law is not within the statute. There was then no person entitled to the custody, above the guardian. True, the plaintiff was educating the child under a gift by the father. But the gift was not by last will ; it was merely verbal ; it cannot operate against the statute. *Nonsuit confirmed.*