JOHN DORR *vs.* LUTHER DAVIS.

Penobscot. Opinion June 9, 1884.

*Guardian and ward. Probate court. R. S., c. 67, § 2.*

The care of the person and education of a minor, whose parents are dead, devolve upon his guardian.

Such minor cannot acquire a residence in another county from that in which the guardian was appointed that will oust the judge of probate, who appointed such guardian, of jurisdiction over the minor and his estate, and the appointment of a new guardian by the judge of probate in another county, while the first guardianship continues, is void.

Under R. S., c. 67, § 2, the probate court that first acquires jurisdiction over a minor and his estate, by appointing to him a guardian, is the proper court to determine whether, when such minor arrives at the age of fourteen years, and nominates a new guardian, such nominee is suitable, and should, under all the circumstances, be appointed.

Title to the property of a minor under guardianship, remains in the ward, and is not in the guardian.

A guardian who takes a note payable to himself as guardian, in payment of a debt due the ward, holds the same in trust. He may negotiate it by indorsement, and the indorsee can maintain a suit thereon in his own name. The maker cannot repudiate his promise to pay to the order of the payee of the note.

ON REPORT.

Assumpsit on the following note:

"$209.                         Wellington, January 24, 1871.

"For value received I promise to pay Harrison Dorr, or his order, as guardian of Warren Dorr and Rosetta Dorr, two hundred and nine dollars, the first day of January, A. D. 1874, with interest annually.                                    David Davis,

    Witness, E. F. Harvey.                              Luther Davis."

    [Stamp, 15 cts.]                    Indorsed, "Harrison Dorr."

Writ dated August 8, 1874. Plea, general issue, and brief statement that plaintiff has no title in or to the note; and also that the note has been paid by defendant to Nancy A. Smith, the legal guardian of Rosetta Dorr, to whom said note belonged.

The action was reported to the law court, who were to draw inferences as a jury might, and enter such judgment as the law required.

The opinion states the material facts.

*Josiah Crosby*, for the plaintiff.

*D. D. Stewart*, for the defendant, contended that the language of the note and the fact that the consideration came from the ward and not from the guardian, made the ward the legal payee, and, therefore, the note was not legally indorsed, and the plaintiff had no title to it, and could maintain no action upon it. *Gilmore* v. *Pope*, 5 Mass. 491; *Conkey* v. *Kingman*, 24 Pick. 115; *Railroad Co.* v. *Benedict*, 5 Gray, 561; *Trustees* v. *Parks*, 1 Fairf. 441; *State* v. *Boies*, 2 Fairf. 474; *Garland* v. *Reynolds*, 20 Maine, 45; *Turnpike Co.* v. *Whiting*, 10 Mass. 327; *Whitney* v. *Wyman*, 101 U. S. 395; *Nichols* v. *Frothingham*, 45 Maine, 220; *Bank of Newbury* v. *Baldwin*, 1 Cliff. 519; *Irish* v. *Webster*, 5 Maine, 171; *Sanford* v. *Phillips*, 68 Maine, 432.

Creditors of the ward may attach the property of the ward, notwithstanding it is under control of the guardian, or it may be levied on execution; and it may be reached by trustee process. *Hicks* v. *Chapman*, 10 Allen, 463; *Spring* v. *Woodworth*, 4 Allen, 327; *Bancroft* v. *Consen*, 13 Allen, 50; *Trull* v. *Trull*,

13 Allen, 407; *Field* v. *Schieffelin*, 7 Johns. Ch. 150; *Smith* v. *Ayer*, 101 U. S. 320; *Carter* v. *Bank*, 71 Maine, 448; *Wood* v. *Dummer*, 3 Mason, 312.

If a creditor is entitled to take it, certainly a new guardian must be. The functions and powers of the old one cease instantly upon the appointment of a new one. *Burgess* v. *Keyes*, 108 Mass. 43; *Atkinson* v. *Atkinson*, 8 Allen, 15; *Conant* v. *Kendall*, 21 Pick. 38.

The appointment of the new guardian, Mrs. Smith, was in all respects legal and valid, and all power of Harrison Dorr, the first guardian, ceased on that day as fully and completely as if he were dead, "terminated by operation of law." *Mansur* v. *Pratt*, 101 Mass. 62; *Woodbury* v. *Hammond*, 54 Maine, 343; R. S., c. 67, § 2.

HASKELL, J. The judge of probate for the county of Piscataquis appointed Harrison Dorr guardian for two minors under the age of fourteen years, resident in that county. Soon after this appointment, one of the minors, Rosetta, went to live with her aunt in the county of Somerset. When this minor arrived at the age of fourteen, she applied to the judge of probate for the county of Somerset, to appoint the aunt with whom she lived her guardian. The judge, acting upon this nomination, appointed Nancy A. Smith, the aunt, guardian for Rosetta, and issued to her letters of guardianship. The latter guardian, thereupon, demanded of the first guardian the estate of Rosetta in his hands, which he refused to surrender, but retained it until Rosetta was married, and then, having settled his account in the probate court, paid the balance to Rosetta with the assent of her husband, and took her receipt for the same.

At the time of the demand upon the first guardian by the second, the former had in his possession, belonging to Rosetta, the note in suit, which he afterwards negotiated to the plaintiff. The defendant, prior to the commencement of this suit, had paid the note to the second guardian, and now claims that payment was to the lawful owner of the note, and that the plaintiff took it with notice that it was the property of Rosetta, and could only

be collected by her guardian in the county of Somerset, to whom he had paid the same.

Harrison Dorr became the legal guardian of Rosetta, a minor resident in the county of Piscataquis. To him the statute gave the care of the person and education of Rosetta, unless she had a parent living competent to do it. The case shows her father was dead and that his widow survived him, but it does not appear that the widow was the mother of Rosetta. The inference is, that her mother was not living. The care and education of Rosetta devolved upon Harrison Dorr, her guardian. *Coltman* v. *Hall*, 31 Maine, 196; *Peacock* v. *Peacock*, 61 Maine, 211.

Under these circumstances, Rosetta could not acquire a residence in the county of Somerset, while living there with her aunt, that would oust the judge of probate for Piscataquis of jurisdiction in the premises, which he had already acquired and lawfully exercised. She remained in Somerset by the permission of her guardian, who could at any time have taken her from that county and provided for her a home in the county of Piscataquis. It is unreasonable to hold, that a minor, allowed by a guardian to live in another county from that in which he was appointed, could meanwhile acquire a residence, that could defeat the authority of her guardian over her.

Moreover, when a court once acquires jurisdiction over a cause, it cannot be divested of it by a change in residence of any of the parties. *Morgan Heirs* v. *Morgan*, 2 Wheat. 290, 297; *Mollan* v. *Torrance*, 9 Wheat, 537; *Dunn* v. *Clarke*, 8 Peters, 1; *Clarke* v. *Mathewson et al.* 12 Peters, 171.

A minor, who is over fourteen years of age, " may nominate his own guardian, and if approved by the judge, such nominee shall be appointed, although the minor has a guardian." R. S., c. 67, § 2.

The nomination must be approved by the judge who is to make the appointment. This statute means, that the judge of probate, who first acquired jurisdiction over the minor and his estate, and has already appointed a guardian, shall determine whether the minor's nominee for a new guardian is suitable, and should under all the circumstances be appointed in the place and stead of the

one already performing that duty. If one judge of probate can interfere with the administration of a ward's estate under the direction of another judge of probate in another county, as contended for in this case, he can do it in any case, whenever a minor, who has a guardian, chances to live in his county. Interminable confusion and tiresome litigation would surely follow. So long as Harrison Dorr remained guardian by authority of the judge of probate for Piscataquis, it was not in the power of another probate judge, sitting in another county, to vacate his trust and end his authority over his ward's person and estate. Any attempt so to do by the judge of probate in Somerset county could not avail, as he had no jurisdiction in the premises, and his appointment of Nancy A. Smith, guardian to Rosetta Dorr, was illegal and void, and the payment to her set up in defense cannot prevail.

Title to the property of a minor under guardianship remains in the ward, and is not in the guardian. The latter is the legal agent of the ward, and must sue the *choses* of the ward in the ward's name. Suits touching the ward's property must be against the ward, and not against the guardian. The debt represented by the note in suit belonged to the ward. That debt was the consideration for defendant's promise to pay the note to Harrison Dorr. He held the note in trust for the ward. That trust was disclosed by the note, and if misappropriated it could be followed wheresoever it was negotiated. The promise, nevertheless, was to Harrison Dorr or his order, and he ordered it paid to the plaintiff. It was not for the defendant to deny his own promise and refuse payment to the order of the payee of the note. There is no merit in his defense, and the entry must be,

*Judgment for the plaintiff for $209,*
*with interest from January 24, 1871.*

PETERS, C. J., DANFORTH, VIRGIN, LIBBEY and EMERY, JJ., concurred.