CHARLES H. HOLMAN *vs.* WILLIAM O. HOLMAN and another.

Knox.    Opinion February 1, 1888.

*Probate practice.    Appointment of guardian for non compos.*

When an application is made for the appointment of a guardian for a person, on the ground that he is insane, and by debauchery is wasting his estate and exposing himself to want and the town to expense, he should have notice of the inquisition by the selectmen. The want of such notice is a valid objection to further proceedings in the probate court.

ON exceptions by the defendants.

An appeal by plaintiff from the decision of the judge of probate, refusing to grant his motion to dismiss the petition of William O. Holman and David M. Holman, that the plaintiff be placed under guardianship.    The facts are stated in the opinion.

*A. P. Gould,* for the plaintiff, cited :    *Penobscot R. R. Co.* v. *Weeks,* 52 Maine, 456 ; R. S., c. 67, § 6 ; *Chase* v. *Hathaway,* 14 Mass. 222 ; *Hathaway* v. *Clark,* 5 Pick. 490 ; *Wait* v. *Maxwell,* 5 Pick. 217 ; *Allis* v. *Morton,* 4 Gray, 63 ; *Conkey* v. *Kingman,* 24 Pick. 115 ; *Hovey* v. *Harmon,* 49 Maine, 260 ; *H.* v. *S.* 4 N. H. 60 ; *Kimball* v. *Fisk,* 39 N. H. 110.

*C. E. Littlefield,* for the defendants.

We say it was too late to raise the question of informality in the preliminary proceedings, at the second term of the probate court.    In *Otis* v. *Ellis,* 78 Maine, 75, the question involved here was raised.    It was in a trial justice's court, and the question was, whether pleas and motions in abatement should be made at the first term, and before a general continuance, or at any time to suit the convenience of the party.    In determining the point the court used the following language.    "Pleas and motions in abatement, should be filed before a general imparlance," which is nothing else than a continuance of the cause till a further day.

Our court well said, in *State* v. *Brown,* 75 Maine, 457 : "Exceptions should not be sent to the law court until the case is fully disposed of in the trial court."    The appellant claims that

he can appeal from any order, or decree of the probate judge. R. S., c. 63, § 23; and that after his appeal is claimed and the bond and reasons therefor filed, "all further proceedings cease" until the appeal is determined. R. S., c. 63, § 27.

As Judge BARROWS, said in *Cameron* v. *Tyler*, 71 Maine, 28, they are asking the court to "pass upon questions which may never be even in his own estimation of any importance to him."

The case of *Abbott* v. *Knowlton*, 31 Maine, 77, is a good illustration of the principle involved. *Witherel* v. *Randall*, 30 Maine, 168, is a very strong case in point. *Daggett* v. *Chase*, 29 Maine 356, is also in point, and perhaps contains as full a discussion of the principle upon which the case turns, as any of the authorities. The ruling of the judge of probate court was right, and if the exceptions were properly here, they should be overruled. Section 6, under which the proceedings were had, reads as follows: "In all other cases, the judge shall issue his warrant to the municipal officers of the town where such person resides, requiring them to make inquisition into the allegations made in the application; and they shall, upon such evidence as they are able to obtain, decide whether such allegations are true; and, as soon as may be, report the result to the judge; and if, on said report, after personal notice to the other party and a hearing thereon, he adjudges that such person is insane, a spendthrift, or incapable as aforesaid he shall appoint a guardian."

This precise question does not appear to have been before our court, and we have no authority in point. We think that the authorities relied upon by the appellant, are not sufficient to authorize such a conclusion.

We will briefly examine the cases in their order. The defect at bar, let it be borne in mind, was a want of notice by the selectmen of the inquisition. They rely upon *Chase* v. *Hathaway*, 14 Mass. 222. In that case the reasons of appeal stated that no notice of the inquisition, and what is more to the point, no notice of the hearing before the probate court was given. The case of *Hathaway* v. *Clark*, 5 Pick. 490; also relied upon cites the case above commented upon, and does not go beyond it.

They also rely upon *Wait* v. *Maxwell*, 5 Pick. 217. In that case the opinion begins with these remarks, "The decree of the court of probate, granting letters of guardianship, is void, because it does not appear that any notice was given to the subject of it before the inquisition taken; nor is there any judgment or decree ascertaining that she was *non-compos*." In *Conkey* v. *Kingman*, 24 Pick. 115, the court said, p. 119, "It further appears, that no notice was given to the plaintiff of the inquisition of the selectmen or of the proceedings before the judge of probate, and that there was no adjudication that she was *non-compos* or that a guardian be appointed." *Allis* v. *Morton*, *et al.* 4 Gray, 63, is also relied upon. That is a case where the guardian was appointed without any notice to the ward, and the question of whether or not notice of the inquisition was necessary, was not raised in the case.

The present statute of Massachusetts, R. S., Mass. c. 139, § 7, provides for the appointment of a guardian for the insane, without the intervention of an inquisition. Section 8, provides the same proceeding in the case of excessive drinking, etc., etc. This statute was passed upon by the court in *Brigham* v. *Boston & Albany R. R. Co.* 102 Mass. 14, without any suggestion that they deemed this proceeding an improper one. The case of *McCurry* v. *Hooper*, 46 Am. Dec. 280, relied upon by the appellant at the probate court, relies for authority upon the Mass. cases cited. *Kimball* v. *Fisk*, 39 N. H. 117, was also relied upon. In that case it appears that the statute required a notice to be given before the decree was made.

The only case that I find in our state where this statute was before the court, is *Hovey* v. *Harmon*, 49 Maine, 269. The statute under which the question arose in that case, was c. 51, § 49, of the statutes of 1821.

WALTON, J. It is the opinion of the court that the defendant should have had notice of the inquisition by the selectmen. It is true that there is no express statute provision requiring such notice. But it is a well settled rule of the common law that when an adjudication is to be made which will seriously affect

the rights of a person, he should be notified and have an opportunity to be heard. Necessity creates some exceptions to the rule. But no such necessity exists in the class of cases of which we are now speaking. The allegations against the defendant were that, he was of unsound mind; that by debauchery he had become incapable of managing his affairs, and was so wasting his estate as to expose himself to want and the town to expense. Surely, charges like these are too serious, and an adjudication upon them too important, not to entitle the person charged to a hearing. It is said that a hearing may be had in the probate court after the inquisition by the selectmen is made and returned. True. But such an adjudication by the selectmen is no trifling matter. It is the foundation of all subsequent proceedings, and may seriously affect a man's reputation and standing in the community. And we believe an appeal to any one's sense of justice and fairness will compel him to admit that a person thus charged ought to have an opportunity to be heard before such an adjudication is made, even by the selectmen of a town.

We do not find any decision in this state or Massachusetts which holds directly and positively that such a notice is necessary; because, in all the cases in which the question is discussed, there happened to be other grounds on which the decisions might rest. But it seems to have been the opinion of the courts that such a notice ought to be given. *Chase* v. *Hathaway*, 14 Mass. 222; *Hathaway* v. *Clark*, 5 Pick. 490.

In this state, in *Peacock* v. *Peacock*, 61 Maine, 211, it was held that, although a guardian for a child two years old, whose father was dead, might be appointed without notice, still no decree could be made depriving the mother of its care and custody without notice to her, although there was no express statute requiring such notice. The decision rests on the dictates of natural justice and the rules of the common law.

We think the want of notice to the defendant of the inquisition by the selectmen was a valid objection to proceeding further in the probate court; that the objection was seasonably taken, and

the appeal not premature. The court so ruled at *nisi prius*. The ruling was correct.

> *Exceptions overruled. Decree below affirmed.*

PETERS, C. J., VIRGIN, LIBBEY, FOSTER and HASKELL, JJ., concurred.