ADELIA M. MOORE, Appellant,

*vs.*

ELIJAH PHILLIPS, and another.

Waldo.    Opinion December 11, 1900.

*Probate.   Appeal.   Adoption.   R. S., c. 63, §§ 23, 24; c. 67, § 36.*

The right of appeal given by R. S., c. 63, § 23, to any person aggrieved by any order, sentence, decree or denial of a judge of probate is conditional, and the appeal can be prosecuted only upon the appellant complying with the requisites of the statute.

Revised Statutes, c. 67, § 36, gives a right of appeal only to the petitioner, and to the child, from the decree of the judge of probate relating to the adoption of such child.

ON EXCEPTIONS BY APPELLANT.

This was a petition for adoption.   Samuel Young the grandfather of the child, six years old, consented to the adoption.   On the petition notice was ordered on Adelia M. Moore, the mother of the child.   A copy of the petition and order was served on her.   She appeared and claimed her child and objected to its adoption.

The judge of probate decreed that the prayer of the petition be granted.   From this decree she appealed.

The petitioners moved to dismiss the appeal because she has no right of appeal, and because the court has no jurisdiction.   The court sustained the motion.   To this ruling the appellant excepted.

*L. M. Staples,* for appellant.

*R. F. and J. R. Dunton,* for appellee.

SITTING: WISWELL, C. J., EMERY, WHITEHOUSE, FOGLER, POWERS, JJ.

POWERS, J. The appellant excepts to the ruling of the judge at nisi prius dismissing her appeal from the decree of the judge of probate, granting to Elijah Phillips and wife the adoption of the child of the appellant and her deceased husband.

By R. S., c. 67, § 36, a right of appeal is given only to the petitioner and to the child by its next friend. *Gray* v. *Gardner*, 81 Maine, 558. The mother might have taken an appeal for the child as its next friend. *Murray* v. *Barber*, 16 R. I. 512. She did not, however, undertake to appeal for the child.

The appeal both in form and substance is her own. It sets forth that she is interested as the mother of the child, that she is aggrieved by the decree, and that she appeals therefrom. The reasons of appeal are personal to herself. They are, in substance, that she has not consented to the adoption, that she has not abandoned the child, that she does not want the petitioners to have him but wants him herself, that she is able to care for him and wishes him to be adopted by her present husband. They have no reference to the interest and welfare of the child, the paramount consideration in cases of adoption. Plainly this is not an appeal of the child by his next friend.

Neither can appellant's right to appeal be sustained under R. S., c. 63, § 23, which gives a right of appeal to any person aggrieved by any decree of a judge of probate. It is not every person that is dissatisfied with a decree of the probate court who is "aggrieved" within the meaning of the statute, but only those who have rights which may be enforced at law and whose pecuniary interest might be established in whole, or in part, by the decree. *Deering* v. *Adams*, 34 Maine, 41; *Briard* v. *Goodale*, 86 Maine, 100. Without deciding whether the appellant in the present case falls within that class, it is sufficient to say that the right of appeal under this section is conditional, and that the appeal can be prosecuted only upon complying with the requisites of the statute. *Bartlett, appellant*, 82 Maine, 210.

Except in cases arising between a ward and his guardian, the appellant within twenty days from the date of the decree must "file in the probate court his bond to the adverse party, or to the judge of probate for the adverse party, for such sum and with such sureties as the judge approves, etc." R. S., c. 63, § 24. The case at bar does not show that the appellant ever filed the bond required. The statute has prescribed the conditions upon which an appeal may be claimed, and until these have been complied with, no right of appeal exists and no appeal can be entertained in the appellate court. "In the hearing of a probate appeal the first duty of the appellant is to establish his right to appeal. Ordinarily unless this is made affirmatively to appear the appeal will be dismissed." *Pettingill* v. *Pettingill*, 60 Maine, 419; *Briard* v. *Goodale*, supra.

*Exceptions overruled.*