MARTHA H. PAINE *vs.* OMAR J. FOLSOM.

Piscataquis.     Opinion November 21, 1910.

*Courts. Probate Court. Jurisdiction. Insane Persons. Guardianship. Revised Statutes, chapter 69, sections 4, 5 ; chapter 144, sections 15, 16, 17.*

Probate Courts, being wholly creatures of the legislature and tribunals of special and limited jurisdiction only, if the preliminary requisites and the course of proceedings prescribed by law are not complied with, jurisdiction does not attach, and the decree rendered is not merely voidable, but void.

Revised Statutes, chapter 69, section 4, provides that the judge of probate may appoint guardians for an insane person on written application of the municipal officers of the town where he resides. Section 5 provides that guardians may be appointed on application, as aforesaid, for persons certified by the municipal officers of any town to have been committed by them or their predecessors to an insane hospital. *Held :* that in an application under section 5 by municipal officers of a town, the proceedings were not in compliance with the statute, where there was no certificate of such officers that the insane person had been committed "by them or their predecessors," and the application merely alleged that such person had "recently been duly committed to and is now in the asylum at Augusta."

Under an application for appointment of guardian for an insane person under Revised Statutes, chapter 69, section 5, the court did not acquire jurisdiction where no notice was given either by the municipal officers prior to the application or by the judge of probate subsequently; personal notice being required, independent of statute, before one can be deprived of his liberty or property.

It is inconsistent with the commonly accepted ideas of personal rights that the entire estate of a citizen can be taken from him and committed to another upon an ex parte proceeding.

Personal rights cannot be too far abridged even by statutory enactments.

On agreed statement of facts.    Judgment for plaintiff.

Trover to recover the value of certain personal property alleged to have been converted by the defendant.    Plea, the general issue with brief statement as follows :    "And for brief statement defendant further says :    That whatever of the goods and chattels of the

plaintiff he has in his possession he has and holds by virtue of being guardian of the said plaintiff, duly and legally appointed by the Probate Court of Piscataquis County and that he has given bond for the performance of said trust." An agreed statement of facts was filed and the case reported to the Law Court for determination.

The case is stated in the opinion.

*C. W. Brown*, for plaintiff.

*R. E. Hall*, for defendant.

SITTING: EMERY, C. J., WHITEHOUSE, PEABODY, CORNISH, KING, BIRD, JJ.

CORNISH, J. Action of trover to recover the value of certain personal property in the possession of the defendant, who admits the possession but justifies as guardian of the plaintiff, duly appointed by the Judge of Probate of Piscataquis County. The plaintiff attacks the validity of the appointment. The basis of the attack is want of jurisdiction, not in the subject matter but in the course of the proceedings, rendering the decree of appointment not merely voidable, but void, and therefore open to collateral impeachment under the doctrine of *Taber* v. *Douglass*, 101 Maine, 363, where this court says: "Courts of probate are wholly creatures of the legislature and are tribunals of special and limited jurisdiction only. It is true that when its proceedings have all been regular with respect to any matter within the authority conferred upon it by law, the decrees of the Probate Court when not appealed from are conclusive upon all persons, and cannot be collaterally impeached. It is equally well settled in this state that jurisdiction of the subject matter alone is not sufficient to establish the validity of its decree. If the preliminary requisites and the course of proceedings prescribed by law are not complied with jurisdiction does not attach and the decree will be, not voidable merely, but void. The petition to this court is the foundation upon which to base its jurisdiction and it must allege sufficient facts to show the authority and power of the court to make the decree prayed for. The record of its proceedings must show its jurisdiction."

The proceedings in this case were instituted under R. S., ch. 69, secs. 4 and 5.  Section 4, provides among other things, that the Judge of Probate may appoint guardians for insane persons on written application of any of their friends, relatives or creditors, or of the municipal officers or overseers of the poor of the town where they reside.  Then follows the section which is under consideration, viz.

Section 5.  "Guardians may be appointed on application as aforesaid for persons certified by the municipal officers of any town to have been committed by them or their predecessors to either insane hospital and there remaining upon proof of the facts after personal notice to the parties.  In all cases where the municipal officers or overseers of the poor are applicants, if they have given at least fourteen days notice to such person by serving him with a copy of their application, the judge may adjudicate thereon without further notice or may order such notice, if any, as he thinks reasonable."

The application here was made by the municipal officers of the town of Abbot and recites that "Martha H. Paine, a resident of said Abbot is a person of unsound mind, who by reason of infirmity and mental incapacity is incompetent to manage her own estate, and to protect her rights, and they allege and say that said Martha H. Paine has recently been duly committed to and is now confined in the asylum for the insane in Augusta &c."   Upon this application without any notice whatever to the party, the appointment was made.

It is evident that the statutory requirements were not complied with and that the appointment was void.

If the first part of section 5 could be held to include applications made by municipal officers as well as by friends, relatives or creditors, which is doubtful, the necessary jurisdictional facts do not appear here.   There is no certificate of the municipal officers that Martha H. Paine had been committed "by them or their predecessors."   Assuming that an application by the municipal officers reciting all the jurisdictional facts might obviate the necessity of an independent certificate restating the same facts, still this application

is insufficient. It merely alleges that she has "recently been duly committed to and is now in the asylum at Augusta." By whom was she committed? The application is silent on this point. It may have been by the municipal officers of another town, R. S., chapter 144, sec. 16 ; it may have been by order of the Supreme Judicial Court, for observation, under R. S., chapter 138, section 1, or by her parents under R. S., chapter 144, sec. 15, if she was a minor at the date of commitment. That she had been "duly committed" does not fulfill the statutory requirement that she has been committed "by them or their predecessors." This statutory provision evidently has in view the public record of commitment required to be kept by municipal officers under R. S., ch. 144, sec. 16.

If the procedure falls within the second part of section 5 of chapter 69, as would seem to be the case, it is equally inadequate because no notice was given either by the municipal officers prior to the application or by the Judge of Probate subsequently. The voluntary transfer of one's property should not be accomplished without actual notice to the owner even though such owner be confined in an insane asylum. It is common knowledge that many such inmates, while irrational upon certain subjects, are rational upon others, and that notwithstanding their mental aberrations they may have strong feelings and sane opinions as to who their guardian should or should not be, feelings and opinions that ought properly to be considered by the court having the matter in charge. *Allis* v. *Morton*, 4 Gray, 63. The principles of the common law as well as the dictates of natural justice militate against such procedure even though sanctioned by statute. *Chase* v. *Hathaway*, 14 Mass. 222 ; *Hathaway* v. *Clark*, 5 Pick. 490 ; *Holman* v. *Holman*, 80 Maine, 139. It opens the door to injustice and even fraud. Under R. S., ch. 144, secs. 16 and 17, a person cannot now be committed to the insane hospital, except a minor committed by the parent or guardian, without an inquisition and examination by the municipal officers, after at least twenty-four hours actual notice to the person alleged to be insane. But the requirement of even this notice was not made until the passage of chapter 1 of the Public

Laws of 1903, evidently resulting from the decision of this court in *Holman* v. *Holman*, 80 Maine, 139. The same necessity that, independent of statute, requires personal notice before one can be deprived of his liberty, requires similar notice before one can be deprived of his property. It is inconsistent with the commonly accepted ideas of personal rights that the entire estate of a citizen can be taken from him and committed to another upon an ex parte proceeding. If notice was legally indispensable at the examination before the municipal officers, although no statute required it, *Holman* v. *Holman*, supra, it would seem no less indispensable upon the appointment of a guardian although a statute may permit it. Personal rights cannot be too far abridged even by statutory enactments.

These proceedings fail, under whichever provision of the statute they may be considered, and in accordance with the stipulation in the agreed statement of facts, the entry must be,

*Judgment for plaintiff.*
*Case remanded to nisi prius for*
*assessment of damages.*