WILLIS HAY, Adm'r, d. b. n. c. t. a., In Equity

*vs.*

CHARLES H. DOLE, et als.

Cumberland.    Opinion December 8, 1920.

*Construction of a will.   The share of a predeceased legatee, where the clear, unambiguous, and express language of the will, provides, under such circumstances, that the legacy shall "lapse," remains undisposed of, and passes as intestate property to the heirs at law.*

Bill in equity for the construction of a will.   Item three reads:   "All the rest, residue and remainder of my estate both real and personal wherever situated and however and whenever acquired I give, bequeath and devise to my two brothers, Charles H. Dole of Texas, and Edward E. Dole of Shenandoah, Iowa, and to my two sisters, Sarah C. Dole of Portland, Maine, and Mary E. Fuller of Cumberland, Maine, share and share alike.   In the event of any of my brothers or sisters above named not surviving me, the share of the brother or sister not surviving me shall lapse."

The sister Sarah C. Dole predeceased the testatrix.

*Held:*

That by the express language of the will, clear and unambiguous, Sarah's share remains undisposed of by the will and passed to the heirs at law of the testatrix as intestate property.   Such is the universal and accepted meaning of the technical word "lapse" when aptly employed as here.

On report on agreed statement.   A bill in equity seeking the interpretation of the residuary clause in the will of Elizabeth H. Avery.   One of the residuary legatees predeceased the testatrix. The only question involved is as to whether the share such predeceased legatee would have received, had she survived the testatrix, goes to the surviving residuary legatees, or remains undisposed of and goes to the heirs at law as intestate property.

Case is fully stated in the opinion.

*Harry C. Wilbur*, for complainant.

*Arthur Chapman*, for Charles H. Dole, et als.

*Verrill, Hale, Booth & Ives*, for Howard H. Dole, et als.

SITTING: CORNISH, C. J., SPEAR, HANSON, PHILBROOK, MORRILL, WILSON, JJ.

CORNISH, C. J. Bill in equity asking for the interpretation of the third item in the will of Elizabeth H. Avery. This item reads: "All the rest, residue and remainder of my estate both real and personal, wherever situated and however and whenever acquired, I give, bequeath and devise to my two brothers Chester H. Dole of Texas, and Edward E. Dole of Shenandoah, Iowa, and to my two sisters, Sarah C. Dole of Portland, Maine, and Mary E. Fuller of Cumberland, Maine, share and share alike. In the event of any of my brothers or sisters above named not surviving me, the share of the brother or sister not surviving me shall lapse." The sister Sarah C. Dole predeceased the testatrix and the questions presented to this court are whether the share bequeathed under the will to Sarah shall be divided in equal parts, one-third each, among the surviving brothers and sister, Charles H. Dole, Edward E. Dole and Mary E. Fuller, or whether Sarah's share remains undisposed of by the will and passed to the heirs at law of the testatrix as intestate property.

The will itself answers these questions and requires no aid from the court. It expressly states that in case of the death of any of these devisees mentioned, his or her share shall lapse, that is shall be undisposed of under the will and therefore shall constitute intestate property.

It is doubtless true as a general rule that in cases of doubt the court is not predisposed to a construction which results in partial intestacy, because the mere fact of making a will ordinarily indicates that the owner of the property preferred to die testate rather than intestate, that is preferred to dispose of his estate through channels selected by himself rather than to have it distributed under an impersonal statute. That applies to lapsing implied from the words of the will. And yet a testator has a perfect right to provide for partial intestacy in certain contingencies if he sees fit to do so, and if this purpose is expressed in clear and unambiguous language no rule of law and no canon of construction prevents it. Nor has the court the right to thwart such expressed intent. In reality such a provision is in the nature of a bequest to his heirs at law as completely as if he had designated them in that way.

It is a general rule of testamentary construction that while untechnical words are understood to be used in their usual, ordinary and popular meaning, technical terms are presumed to be employed in their technical sense with the meaning ascribed to them by usage and sanctioned by judicial decision unless something in the context or subject matter clearly indicates that the testator intended a different use. *Jacobs* v. *Prescott*, 102 Maine, 63; *Houghton* v. *Hughes*, 108 Maine, 233; *Morse* v. *Ballou*, 112 Maine, 124. Especially should this rule obtain where, as here, the scrivener was evidently learned in the law, comprehended the exact legal signification of the technical terms employed, and drafted the document with studied care. It is a model of clear and concise legal expression. Two of the witnesses to the will are members of the bar and appear as counsel in this case. It is quite probable that the instrument was drawn by one of them.

Sometimes technical words are inaptly employed by untechnical scriveners, as other parts of the will may disclose, and then the rigor of the rule should be and is relaxed. But here the word "lapse" is aptly used by someone comprehending its exact significance. When therefore the will distinctly declares that in a certain event a certain share of the residuum shall lapse, it is hardly possible for the court to say that the testatrix intended that it should not lapse but should be equally divided among the three survivors. It seems reasonable to conclude that the word "lapse" was intentionally inserted to meet a situation created by statute. At common law the share of one predeceasing the testator, except in case of a joint interest, would lapse without words to that effect. But R. S., Chap. 79, Sec. 10, provides that "when a relative having a devise of real or personal estate, dies before the testator, having lineal descendants, they take such estate as would have been taken by such deceased relative if he had survived." This statute would have applied here in case of the death of any of these four relatives leaving lineal descendants, and the share would not have lapsed but would have passed to such descendants. *Keniston* v. *Adams*, 80 Maine, 290. To obviate that very contigency and to effectuate what the common law in absence of the statute would have effectuated, the testatrix was careful to expressly provide that such portions should lapse, that is they should not come under the terms of the statute. The word was used advisedly.

This view is strengthened by an examination of item two of the will, where precisely the same provision was made, viz:

"Second: I give and bequeath the sum of ten thousand dollars each to my nephews, Donald Fuller, Harold Dole, Howard H. Dole and Stanley F. Dole, the same sum to my niece, Rose H. Dole, and the same sum to each of my three sisters-in-law, Laura Belle Dole, M. Louise Dole and Rose B. Dole. In the event of any of my nephews, or niece or sister-in-law above named not surviving me the share of the nephew, niece or sister-in-law not surviving me, shall lapse." Can there be any doubt as to the meaning of this clause? Certainly not. It distinctly and unqualifiedly provided for lapsing of legacies under a certain condition. The same situation exists under item 3, and the plain and apparent answer to the prayer of the bill is that the share of Sarah C. Dole remains undisposed of by the will and passed to the heirs at law of the testatrix as intestate property.

The learned counsel have discussed at great length the question whether under the first clause of item three, the devisees took as joint tenants or as tenants in common, that is, whether they took as a class with right of survivorship or as individuals without such right. The authorities seem to be uniform in holding that in case of bequests to individuals designated by name, the legatees take as individuals rather than as a class, as tenants in common rather than as joint tenants, unless the language of the will shows a contrary purpose. *Anderson* v. *Parsons,* 4 Maine, 486; *Morse* v. *Hayden,* 82 Maine, 227; *Stetson* v. *Eastman,* 84 Maine, 366; *Robinson App't.,* 88 Maine, 17. This rule is more easily invoked where there are words providing for an equal division among the takers. *Blaine* v. *Dow,* 111 Maine, 480, 483. Such words are present here, "share and share alike."

This point however needs no extended discussion, because the testatrix herself extinguished any possible hope of survivorship by definitely commanding that the share of a deceased legatee should lapse, that is should pass to her legal heirs at law. That command must be followed.

> *Bill sustained, with plaintiff's taxable costs only to be paid out of the estate.*
> *Decree in accordance with opinion.*