JESSIE F. CUMMINGS APPL'T FROM DECREE OF JUDGE OF PROBATE.

Cumberland.        Opinion January 4, 1929.

*Harry B. Ross,*
*F. J. Laughlin,* for appellant.
*Edmund P. Mahoney,* for appellee.

SITTING: WILSON, C. J., PHILBROOK, DUNN, DEASY, BARNES, JJ.

WILSON, C. J.    The petitioner and her husband, Ralph G. Cummings, became estranged sometime prior to October, 1924. On October 30 of that year, the Probate Court for Cumberland County entered a decree on the petition of the father, giving the custody of their minor child to the father on condition that the child should remain in the home of the father's mother, there to be maintained by the father, the mother to have full opportunity to see the child.

On May 19, 1925, the appellant obtained a divorce from her husband in Massachusetts, where she was then living, no decree, of course, being made by the Massachusetts court as to the custody of the child, it not being within the jurisdiction of that court.

In April, 1925, and prior to the granting of the divorce, the grandmother, Nellie F. Cummings, filed a petition in the Probate Court in Cumberland County, praying that she be allowed to adopt the child, to which petition the father consented, the petition representing that the mother was not a fit person to have the custody of the child. At the time of the filing of the petition, unless it was found that the mother was not a fit person to have custody of the child, her consent to the adoption was necessary.

The Probate Court, however, after notice to the mother found that she was not a fit person to have custody of the child and entered a decree of adoption. From this decree the mother appealed. The appeal came before this Court on the question of whether the motion was a person aggrieved by the decree. This Court held in 126 Me., 111, that she was a person aggrieved and entitled to prosecute her appeal. At the October Term of the Supreme Judicial Court, 1927, the Court sitting as a Supreme Court of Probate reversed the finding of the Probate Court that the mother was not a fit person to have custody and found that the mother was a fit per-

son to have custody of the child, but dismissed the appeal on the ground that a divorce having been decreed between the parties and the custody of the child having been given to the father, although not by the Court granting the divorce, the consent of the mother was not necessary under Sec. 36 of Chap. 72, R. S., and further held that the Supreme Court of Probate should not for this reason disturb the decree below.

The case is now before this Court on the appellant's exception to this ruling. It is urged by the appellant that the exceptions should be sustained on the ground, that the statute dispensing with consent applies only in cases where custody has been given to one parent by the court granting the divorce, and, therefore, she having been found to be a suitable person to have custody, the mother's consent was required in this case.

It is true in enacting the amendments to the original statute relating to adoption in 1865, Chap. 295, and in 1867, Chap. 87, and providing in case of separation or divorce the consent only of the parent entitled to the custody of the child was required, the legislature could not have had in mind a decree granting custody except in cases of divorce, since the power to order custody in case of separation was not given to Probate Courts until 1895, Chap. 43.

The language of the statute enacted in 1867, however, was general in its terms: "Instead of the consent of each parent of the child sought to be adopted * * * the written consent of the parent entitled to the custody of the child shall be sufficient, when a divorce from the bonds of matrimony or from bed and board, has been decreed to the parents." It was not in terms limited to custody granted by the court making the decree of divorce. It was prospective in operation. In slightly different terms, the last amendment is now found in Sec. 36 of Chap. 72, R. S.

Where a statute is general in its terms and not expressly limited in its application to conditions existing at the time of the enactment, it will be held to apply to cases within its terms of purview that arise or come into existence subsequent to its passage. 25 R. C. L., 778.

This Court, when this case was previously before it, 126 Me., 111, 114, adopted this rule of construction, and we hold it may properly be applied to the situation now before us.

We think, too, this case comes within the purview of the stat-

ute. The legislature has from time to time amended the original act adopted in 1855, Chap. 189, which required the consent of both parents, by providing in cases of separation or divorce that the parent entitled to custody only need consent; and that if either parent was not fit to be entrusted with custody of the child, though no decree of custody in the other parent had been made; and in 1927, Chap. 189, in case either parent had abandoned the child, his or her consent was not required. The purpose of the legislature in the progressive course of this legislation has been to dispense with the consent of a parent who by reason of unfitness, whether resulting in a decree of custody in the other parent or not, or by the abandonment of a child had forfeited his or her right to control its trainings and its future welfare. Custody in one parent granted by the Probate Court after separation of the parents presumably must have been predicated on the abandonment by, or some element of unfitness or indifference to the welfare of the child on the part of the other parent. That the consent of such parent is unnecessary in case of adoption is consistent with the general purpose of the statute as well as being within its terms.

The petition to the Probate Court, however, is the foundation upon which its jurisdiction and that of the Supreme Court of Probate is based, and it must allege sufficient facts to show the authority and power of the court to make the decree prayed for. *Taber* v. *Douglass*, 101 Me., 363, 367; *Overseers of Fairfield* v. *Gullifer*, 49 Me., 360; *Paine* v. *Folsom*, 107 Me., 337. The Supreme Court of Probate cannot act when the Probate Court may not, *Hanscom* v. *Marston*, 82 Me., 288, 296; *Veazie Bank* v. *Young*, 53 Me., 555, 559.

"The written consent of adoption given in one of the several methods specified in Sec. 33 (now Sec. 36) is expressly made a statutory prerequisite to the exercise of the power conferred upon the Court to grant such a petition. It is a jurisdictional fact required by statute and must be distinctly alleged in the petition as the basis of the Court's authority to act in the premises." *Taber* v. *Douglass*, supra, p. 368.

While probate petitions may in proper cases be amended, and greater freedom of amendment should be allowed than in the common law courts, we do not think, as contended by counsel for the appellee, this case falls within that class of cases cited in *Morin's*

*Case,* 122 Me., 338, where the case was fully heard on all the facts below and this Court where the pleadings are amendable will not send the case back for an amendment but will decide the cause as though an amendment had been made.

To find that the only jurisdictional fact alleged in the petition did not exist, and to dismiss the appeal, leaves a petition in the Probate Court, on which no decree could be based without the consent of the mother; and to hold that the Supreme Court of Probate should not disturb a decree based on facts which it found did not exist was error.

What the decree of the court below would have been if the question of the unfitness of the mother had not been raised and found as a fact, we do not know. The statute requires the judge, even when consent of a parent is shown or rendered unnecessary, to take into consideration the ability of the petitioner and of the fitness and propriety of the adoption, Sec. 37, Chap. 72, R. S., and whether it would in this instance have deprived the mother of all possible control or rights in her daughter, even of the right to see her which she now has, if it had been found that she was a suitable person to have the custody of her child, has not been adjudicated.

Therefore, while the ruling as to the consent of the mother not being required was correct as a matter of law on the premises assumed, since the only ground found in the Probate Court for dispensing with the consent of the mother and the only reason for the appeal was determined in the Supreme Court of Probate in favor of the appellant, and there being no other allegation in the petition on which the Supreme Court of Probate could affirm the decree of adoption without the consent of the mother, we think the exceptions must be sustained and the order below should have been appeal sustained.

The mandate here will be:

*Exceptions sustained.*