**In re EDWARDS' ESTATE.**

**Joan ST. CLAIR and John O. St. Clair, Jr.**

**v.**

**Decision of Judge of Probate ESTATE of
Susan G. EDWARDS.**

Supreme Judicial Court of Maine.

May 7, 1965.

David F. Aldrich, South Paris, for residuary legatees.

William E. McCarthy, Rumford, for appellants.

Neil L. Dow, Norway, Guardian Ad Litem for unknown heirs.

Rupert F. Aldrich, South Paris, for executors.

Before WILLIAMSON, C. J., and WEBBER, TAPLEY, SULLIVAN, SIDDALL and MARDEN, JJ.

WILLIAMSON, Chief Justice.

This appeal from the decree of the Oxford Probate Court construing the will of Susan G. Edwards comes directly to the Law Court by agreement of the parties on an agreed statement of facts. R.S. c. 153, § 32 (now 4 M.R.S.A. § 401).

The issues raised by the petition of the executors seeking instructions for the distribution of the residue are: first, whether the residue was a class gift or a gift to individuals; and second, if the latter, whether the appellants, children of the predeceased adopted daughter of the testatrix, were her heirs.

The residuary clause reads:

"Twenty-second: All the rest, residue and remainder of my estate, real, personal or mixed, wherever found and however and whenever acquired I give, devise and bequeath to my three nieces, Doris M. Frost, Marion Frost Hudson and Olive Wiley Hannaford, share and share alike."

The Probate Court found a class gift to the two surviving nieces.

The second issue does not touch the construction of the will. No finding was necessary in light of the Probate Court's decision, and no finding was made with reference to the status of the appellants.

The testatrix, Susan G. Edwards, a widow, died April 28, 1961. Her husband died in 1948. The residuary clause, executed on November 18, 1952, appears as the fourth codicil to her will of September 2, 1949. Dorothy E. StClair, the adopted daughter, died November 10, 1952. We assume, as did the Judge of Probate, that Marion Frost Hudson died without issue after the execution of the fifth and last codicil to the will on May 5, 1954, and before the testatrix.

The testatrix was survived by the appellants, two grandchildren Joan StClair and John StClair, Jr., children of Dorothy Edwards StClair, and by Doris M. Frost and Olive W. Hannaford, two nieces named in the residuary clause. There may be other surviving nieces and nephews through a half sister of the testatrix whose names and whereabouts are unknown to the executors.

The executors are prepared to make final distribution of the estate and brought these proceedings for the purpose of determining who may be entitled to the residue.

At the outset the appellants face a collateral attack upon the validity of the adoption of their mother by the testatrix. If the adoption was legal, the parties concede that the appellants are the "lineal descendants" and are entitled to take whatever may pass from the testatrix by intestacy. R.S. c. 170, § 1, sub. II (now 18 M.R.S.A. § 1001, sub. 2); R.S. c. 158, § 40 (now 19 M.R.S.A. § 535). See also New England Trust Co. v. Sanger et al., 151 Me. 295, 118 A.2d 760; Warren v. Prescott, 84 Me. 483, 24 A. 948, 17 L.R.A. 435.

The attack in substance, but not in form, is a motion to dismiss the appeal for lack of jurisdiction. The right of the grandchildren to appeal rests on their being heirs or at least presumptive heirs of the testatrix. " * * * any person aggrieved by any order * * * may appeal * * *" R.S. c. 153, § 32 (now 4 M.R.S.A. § 401). Unless the right to appeal is affirmatively established, the appeal will be dismissed. Jurisdiction here rests on whether the appellants are "aggrieved." Wattrich, Applt. v. Blakney, Appellee, 151 Me. 289, 293, 118 A.2d 332; Legault, Applt. v. Levesque, Appellee, 150 Me. 192, 107 A.2d 493; Appeal of Cummings, Applt., 127 Me. 418, 144 A. 397; Appeal of Cummings, Applt., 126 Me. 111, 136 A. 662; Appeal of Thompson, Applt., 116 Me. 473, 102 A. 303; In re Thompson, Applt., 114 Me. 338, 96 A. 238, L.R.A.1918A, 911; Moore v. Phillips, 94 Me. 421, 47 A. 913; Briard v. Goodale, 86 Me. 100, 29 A. 946; Gray v. Gardner, 81 Me. 554, 18 A. 286; Pettingill v. Pettingill, 60 Me. 411.

The agreed facts disclose that the appellants' mother Dorothy was adopted by decree of the Oxford Probate Court at the age of five in 1915 by Susan G. Edwards, the testatrix, and her husband.

A half century later and after the death of the adoptive mother and father and of

the adopted child, two nieces and a representative of unknown heirs by a collateral attack deny and seek to destroy the filial status. Never so far as this record is concerned has the relationship of the grandchildren to their grandmother through the mother been questioned. This attack must be scrutinized with care.

■ We are satisfied from an examination of the records of the Probate Court submitted to us and from the agreed statement of facts that Dorothy was legally adopted by the testatrix and her late husband in 1915. We recognize the principle that the jurisdiction of the Probate Court to decree the adoption of Dorothy must appear affirmatively in the petition and the decree.

> "It is equally well settled in this State that jurisdiction of the subject-matter alone is not sufficient to establish the validity of its decree. If the preliminary requisites and the course of proceedings prescribed by law are not complied with, jurisdiction does not attach and the decree will be, not voidable merely, but void. The petition to this court is the foundation upon which to base its jurisdiction, and it must allege sufficient facts to show the authority and power of the court to make the decree prayed for. The record of its proceedings must show its jurisdiction." Taber v. Douglass, 101 Me. 363, 367, 64 A. 653 (adoption).

See also Legault, Applt. v. Levesque, Appellee, supra, (guardian); Blue et al. v. Boisvert, 143 Me. 173, 57 A.2d 498 (guardian); Appeal of Cummings, Applt., supra, (adoption); Appeal of Cummings, Applt., supra, (adoption); Paine v. Folsom, 107 Me. 337, 78 A. 378 (guardian); Holman v. Holman, 80 Me. 139, 142, 13 A. 576 (guardian); Peacock v. Peacock, 61 Me. 211 (guardian); Wilson, Maine Probate Law, pp. 100, 117 (1896). On adoption see annot. 92 A.L.R.2d 813, 826, 16 A.L.R. 1020, 1026; 2 C.J.S. Adoption of Children § 50, p. 440; 39 C.J.S. Guardian and Ward § 38; 25 Am.Jur. Guardian and Ward §§ 30, 49; 2 Am.Jur.2d Adoption § 68, et seq.

■ We need not, and do not, go beyond consideration of the error urged by those who would disinherit the appellants. It is not our duty to seek out faults not alleged and proven to destroy the validity of decrees of the Probate Court. Cf. Legault, Applt. v. Levesque, Appellee, supra, and Peacock v. Peacock, supra.

The flaws charged are that in the adoption and guardianship cases no notice was ordered or given to the parents of Dorothy.

The adoption statute then read:

R.S.1903, c. 69, § 33 provided "or if the parents have abandoned the child and ceased to provide for its support, consent may be given by the legal guardian; * *" Cf. 19 M.R.S.A. § 532.

The petition for adoption reads:

"To the Honorable, the Judge of the Probate Court in and for the County of Oxford:

"RESPECTFULLY REPRESENTS, Fred L. Edwards and Susan F. Edwards both—of Bethel—in said County, husband and wife, that they desire to adopt Dorothy Alma Byers minor —child—of parents whose names and residences are unknown to said petitioners which child was born in a place unknown to said petitioners on the thirtieth—day of—December—A.D. 1910, that they are of sufficient ability to bring up and educate said child properly, having reference to the degree and condition of her parents. They further represent that the parents of said child have both abandoned said child—

"Wherefore your petitioners pray that leave be granted them to adopt said child with all the rights of inheritance, as provided by law, and that the name

of said child—be changed to Dorothy Edwards."

Consent was given thereto by Isaac H. Wight, stated to be the legal guardian. The decree reads:

"State of Maine

"Oxford, ss.

"At a Probate Court held at Paris, in and for said County, on the third Tuesday of May—, in the year of our Lord one thousand nine hundred and fifteen.

"On the foregoing petition of Fred L. Edwards and Susan F. Edwards for leave to adopt Dorothy Alma Byers, a minor child not their own by birth, and to change her name; being satisfied of the identity and relationship of the parties, and of the petitioner's ability to bring up and educate said child properly, having reference to the degree and condition of her parents, and of the fitness and propriety of such adoption, and the written consent required by law having been given thereto;

"It Is Decreed that the prayer of said petition be granted, that from the date of this decree said child—is the child —of said petitioners, Fred L. Edwards and Susan Edwards and I do further decree that the name of said child be changed, and that from and after the date hereof, she shall be known and called by the name of Dorothy Edwards. s/ Addison E. Herrick Judge of Probate"

No notice of the adoption proceeding was given to the parents of Dorothy and none was required. Under the express terms of the statute consent of the guardian was sufficient. The question then becomes whether the guardian was duly appointed and authorized.

The guardian who gave his consent for adoption was appointed without notice to the parents on a petition representing that the child Dorothy was born "of parents the names of whom are unknown to your petitioner, and whose residences now * * are unknown." The decree recites that the allegations of the petition are true.

The pertinent statute relating to appointment of a guardian of a minor read:

"Such guardian shall have the care and management of all his ward's estate, and continue in office until the ward is twenty-one years of age, unless sooner lawfully discharged; but the care of the person, and the education of the minor, shall be jointly with the father and mother, if competent, or if one has deceased, with the survivor, if competent; otherwise these duties devolve on the guardian; and in any case, the judge may decree them to him, if he deems it for the welfare of the minor, until his further order." R.S.1903, c. 69, § 3 (now 18 M.R.S.A. § 3553).

■ Notice, however, to parents is required when custody is taken from them. Cf. Paine v. Folsom, supra (guardian-insane-notice required).

In Coltman v. Hall, 31 Me. 196, where the child had neither father nor mother, the guardian was entitled to custody. Cf. Peacock v. Peacock, supra, in which notice was required not for appointment of a guardian, but for custody in the guardian. Holman v. Holman, supra; Dorr v. Davis, 76 Me. 301.

■ In the case before us, the names and residences of the parents of the five year old Dorothy were unknown. Surely this is an instance of where the guardian gained the custody of his ward; and acquired authority to consent to the adoption. In the words of Coltman v. Hall, supra, "there was then no person entitled to the custody, above the guardian."

■ We hold that Joan and John St-Clair, the grandchildren, are the statutory

heirs of the testatrix; are aggrieved by the decision of the Probate Court; and are entitled to prosecute this appeal.

 The case was heard on an agreed statement of facts with no oral testimony. Accordingly we do not apply the "clearly erroneous" test to the findings below, but are free to find the facts without reference thereto. Murray v. Sullivan, et al., 158 Me. 98, 179 A.2d 307; Pappas v. Stacey & Winslow, 151 Me. 36, 38, 116 A.2d 497; Mellen, Jr. et al., Tr. v. Mellen, Jr. et al., 148 Me. 153, 157, 90 A.2d 818; Maine Rules Civil Procedure, Rule 52; Field & McKusick §§ 52.7, 52.8.

> "The controlling rule in the construction of a will is that the intention of the testator *expressed in the will,* if consistent with rules of law, governs. * * *
>
> "Intention is to be ascertained from examination of the whole instrument. It is the intention of the maker of the will at the time of its execution. * *
>
> "In case of doubt the intention is to be ascertained in the light of the existing conditions, which may be supposed to have been in testator's mind. * * *" New England Trust Co. v. Sanger, et al, supra, 151 Me. at p. 301, 118 A.2d at p. 763. (Citations of cases omitted.)

 The rule generally applicable is that a gift to named individuals is a gift to individuals and not a class gift. The words "share and share alike" strengthen this view. "When legatees are designated by name and the character of the estate bequeathed is indicated by the words used in Mrs. Morgan's will, 'in equal parts, share and share alike,' there is a strong presumption of testamentary intent that the legatees shall take as individuals and not as a class." Strout v. Chesley, 125 Me. 171, 174, 132 A. 211, 212; Hay v. Dole, 119 Me. 421, 111 A. 713.

 In Strout, supra, the individuals named were "not connected with the testa-

trix or with one another by common kinship. Apparently they had nothing in common except the good fortune of being legatees in the same will." The Court found a gift to individuals. In the instant case common kinship to the testatrix and with one another on the part of the legatees is present. Such relationship does not, however, destroy in itself the force of the gift to individuals by name. Berman v. Frendel, 154 Me. 337, 148 A.2d 93; Hay v. Dole, supra; 5 American Law of Property § 22.6; 4 Bowe-Parker: Page on Wills § 35.4.

 The presumption against intestacy is also to be considered. Hay v. Dole, supra. "The presumption against it [partial intestacy] is always strong, * * *" Merrill v. Winchester, 120 Me. 203, 219, 113 A. 261, 268. It is, however, "merely a presumption." Spear v. Stanley, 129 Me. 55, 59, 149 A. 603, 75 A.L.R. 470; Swan v. Swan, 154 Me. 276, 147 A.2d 140. See also on gifts to class or individuals Blaine v. Dow, 111 Me. 480, 89 A. 1126; Morse v. Hayden, 82 Me. 227, 19 A. 443; Stetson v. Eastman, 84 Me. 366, 24 A. 868; 5 American Law of Property § 22.4 et seq.; 4 Bowe-Parker: Page on Wills § 35.1 et seq.; annot. 75 A.L.R. 773—Gift to a Class; and What Constitutes a Gift to a Class, 49 Harv.L.Rev. 903.

 Casting the rules of construction solely in terms of presumptions serves, in our view, to hinder rather than aid in our search for the intention of the testatrix. With competing rules applicable to the agreed facts, the presumptions lost their force in establishing the burden of going forward. The weight of the several facts, e. g., named persons related, "share and share alike," resulting intestacy and the like, remains for the Court to determine in reaching the ultimate finding of intention. We may properly consider that facts which create "a strong presumption of testamentary intent," to use the words of Strout, supra, 125 Me. at p. 174, 132 A. at

p. 212, are facts from which a strong inference of such intent may be drawn.

Did the testatrix within the language of the will in light of the surrounding circumstances look upon the three sisters as a group or class, or as individuals? We are interested in her intentions, so found, with reference to the residuary clause. Plainly she did not intend that the grandchildren should take any part of the residue by will. They take, if at all, from the failure of the testatrix to provide a beneficiary for a lapsed legacy.

The testatrix made important changes in her will by codicil on November 18, 1952, eight days after the death of her adopted daughter Dorothy. A bequest of $100 to Dorothy, reduced from $10,000 by a prior codicil, and a gift of the homestead with contents to trustees to be disposed of under instructions not stated in the will, were revoked. Gifts to the niece Doris, and if not living at her decease to the niece Marion, and to Marion if not living at her decease to Doris, each of $5,000, were increased to $10,000.

Gifts in trust for "my granddaughter, Joan Edwards StClair" and for "my grandson, John Oliver StClair, Jr." of $5,000, and to her niece Olive of $11,000 "if said niece survives me; if not, to her issue in equal shares" remained unchanged.

The residuary clause was revoked. Under the will as then written "my said daughter Dorothy" received the income of the residue for life, with remainder to "my two grandchildren," and if the line should end to "my said nieces and nephews and to the said Beatrice V. Brown in equal shares." The precise details of the remainder are of no moment.

The testatrix in the November 1952 codicil, gave the homestead to Beatrice V. Brown, whose relationship if any to the testatrix is not stated, and certain contents to "my three nieces [naming Doris, Marion, and Olive] share and share alike."

The residue was then given, as quoted above, "to my three nieces, Doris M. Frost, Marion Frost Hudson and Olive Wiley Hannaford, share and share alike."

In May 1954, by her codicil the testatrix gave her Packard automobile to Beatrice V. Brown, her Plymouth automobile to Olive Hannaford, and "wearing apparel and paintings" in four boxes to "Doris M. Frost, Marion H. Hudson, * * * Beatrice V. Brown * * * and Olive Hannaford, * * * to be divided equally between them, * * *"

In passing, we note that Olive Hannaford was substituted for Dorothy as a coexecutor by a codicil five days before the death of Dorothy.

Thus the $5,000 gift in trust for each grandchild remained unchanged from the will executed in 1949; all other provisions for Dorothy and the grandchildren were stricken; and the three named nieces became the residuary legatees.

Throughout the will and the codicils are gifts to each niece, to three nieces and Beatrice V. Brown, and in the very codicil establishing the residue, a gift of certain contents of a house "to my nieces (naming the three) share and share alike."

In our opinion the testatrix in her will, setting aside for the moment the residuary clause, made gifts to her nieces as individuals and not as a group. The gift of the contents, for example, is clearly not a class gift under the applicable rules of construction.

We are satisfied that the testatrix did not intend a different distribution of the residue. Like language, except that "my nieces" became "my three nieces" was used in both the gift of contents and the residue.

Granted that the testatrix preferred the three nieces to take the residue to the exclusion of the grandchildren, it does not follow that she preferred any one niece to take more than a one-third share.

We conclude that the testatrix intended each niece to take a one-third share, and no more. Accordingly, the share of the residue of the niece Marion having lapsed, goes by intestacy and not under the will.

The entry will be

Appeal sustained. The Probate Court to enter a decree in accordance herewith.

Costs and reasonable fees to counsel for the several parties, to be fixed in the Probate Court, ordered paid by the Executors, and charged in their probate account.

SIDDALL, J., sat at argument but retired before the opinion was adopted.